RAWLS, Judge.
By petition for writ of certiorari, as authorized by the Florida Administrative Procedure Act,[1] the Board of Regents of the State of Florida and the University of Florida seek to review the order of the Career Service Commission directing the University to reinstate Respondent Lisa Budjan to her former position or to a comparable position as of April 15, 1969, with full back pay and restoration of all rights and privileges.
Petitioners’ primary point on appeal is that there was no substantial evidence to sustain the findings of fact and conclusions of law made by the Career Service Commission.
The Career Service Commission made extensive findings after conducting a long and detailed hearing concerning respondent’s grievances. Mrs. Lisa Budjan was employed as a Custodial Supervisor II in the J. Wayne Reitz Union at the University of Florida. She was dismissed from her employment by letter dated April 1, 1969, signed by the Assistant Director of Operations. Mrs. Budjan’s staff consisted of 42 employees (maids, janitors, etc. plus 10 or 12 students). Her duties included responsibility for cleaning the entire building, including 36 hotel rooms, the game rooms, theater, auditorium, etc. and providing “set-ups”, that is, setting up rooms for scheduled conferences, meeting, etc. In moving into the new building she worked night and day, and her staff continually operated 17 hours a day, 7 days a week. We will not further detail the facts other than to quote the following portions of the Commission’s findings which summarizes the issue presented, viz.:
“ * * * It was clear from the testimony and evidence that appellant was an exacting taskmistress who would not overlook inadequate cleaning, tardiness or absences. Previous working standards had apparently not been as high as those established by appellant and there was inevitably some resentment of her supervision and enforcement of these standards. No testimony or evidence was presented to show that these standards of performance were unreasonable or impossible to meet, or that management had attempted to determine whether this might have been the case.
“Testimony and evidence indicated that appellant did raise her voice when excited, and may have lacked sensitivity for the feelings of others, being somewhat *165 intolerant of inefficiency or laziness on the part of others. She apparently also had a habit of joking with or teasing employees.
* * % * ‡
“Employees who were not happy with appellant or her supervision for any reason were allowed to ‘bypass’ appellant and to carry their complaints to higher authority. In no instance revealed at this hearing, did this higher supervision uphold the authority of appellant or her right to insist that employees under her supervision complete work to her satisfaction and on time. The condoning of this circumvention of appellant’s position tended to undermine appellant’s authority and make her supervisory tasks over a large number of employees extremely difficult, if not impossible, and to encourage insubordination among these lower-level employees.”
It is well settled that the Commission is a fact-finding body and that this Court will not substitute its judgment for that of the trier of fact. As stated by Mr. Justice Thornal in DeGroot v. Sheffield:[2]
“The appellate court merely examines the record made below to determine whether the lower tribunal had before it competent substantial evidence to support its findings and judgment which also must accord with the essential requirements of the law.”
Respondent has submitted two motions, (1) for attorney’s fees, and (2) for assessment of penalty against petitioners on the grounds that this appeal was not taken in good faith but was frivolous and taken for the purpose of hindering and delaying justice.
There is no statutory authority for award of attorney’s fees in cases such as the instant one and, therefore, said motion is denied.
It is our considered judgment that this certiorari proceeding is not of such a frivolous nature as would require this Court to assess a penalty against the petitioners on the grounds that same was not taken in good faith.
Finally, the Commission by its reply brief has sought to raise the question of mitigation of damages in the event this Court should sustain the order of the Commission. We decline to entertain this question raised at such a late date.
The petition for writ of certiorari is denied.
JOHNSON, C. J., and SPECTOR, J., concur.

. Section 120.31, Florida Statutes, F.S.A.

. DeGroot v. Sheffield, 95 So.2d 912, 916 (Fla.1957).