BOYER, Judge.
We here consider a Petition for Writ of Certiorari to the Career Service Commission, State of Florida.
The Petitioner, Florida Department of Health and Rehabilitative Services, Division of Retardation, discharged an employee, Lola Bell Crumbie, who appealed to the Career Service Commission. The Career Service Commission ruled that the dismissal was based on Chapter 22A-9.-03(f) of the Personnel Rules and Regulations and that the dismissal was improper, whereupon the Commission ordered that the employee be reinstated with full back pay. Essentially it is Respondents’ position that if a career employee is to be discharged incident to an unsatisfactory evaluation, the discharge must be simultaneous with the evaluation or else the employee must be retained for an additional period of six months although his or her performance is totally unsatisfactory. Such an interpretation of Chapter 22A-9.03(F) is not only illogical but is certainly contrary to the best interests of the taxpayers of the State of Florida. Government is becoming increasingly large and unwieldly. A significant portion of the taxpayers’ dollar goes to pay government employees. Taxpayers, via their government, are entitled to have their employees perform a day’s work for a day’s pay. It was laudable for Petitioner to retain its employee after her unsatisfactory rating in order to afford her an opportunity to rehabilitate herself and become a useful and satisfactory employee. However, upon her failing so to do it would be utterly preposterous to require that she be retained as an employee for an additional six months.
Certiorari is granted and this cause is remanded for a hearing on the merits before the Career Service Commission not inconsistent herewith.
It is so ordered.
RAWLS, C. J., and McCORD, J., concur.