320 So.2d 846 (1975)
STATE of Florida DEPARTMENT OF POLLUTION CONTROL, Petitioner,
v.
STATE of Florida CAREER SERVICE COMMISSION, and Shane H. Hummel, Dismissed Employee, Respondents.
No. W-282.
District Court of Appeal of Florida, First District.
August 27, 1975.
Rehearing Denied October 20, 1975.
*847 John C. Bottcher, Sp. Asst. Atty. Gen., for petitioner.
Shane H. Hummel, and E.C. Deeno Kitchen, of Ervin, Varn, Jacobs & Odom, Tallahassee, for respondents.
Robert L. Shevin, Atty. Gen., James D. Whisenand, Asst. Atty. Gen., and Sharyn L. Smith, Asst. Atty. Gen., for amicus curiae.
PER CURIAM.
We here consider a dispute between two State agencies. The Attorney General has entered the fracas as amicus curiae, making a third.
By Petition for Writ of Certiorari the Petitioner challenges an order of the Respondent Career Service Commission reinstating Petitioner's employee, one Hummel, with back pay.
In February of 1973 Hummel was transferred to the State of Florida Department of Pollution Control with permanent status in a position of Administrative Assistant I, located in the Department's West Central Regional Office in Winter Haven. He was under the supervision of the Regional Administrator who, after May 30, 1973, was one Linne, aptly described as an iron-handed supervisor. When Linne arrived at the West Central Regional Office he found it in a state of confusion and turmoil. The Director of the Division of Operations of the Department had appointed Mr. Linne to the position of Regional Administrator with specific instructions to organize and straighten out the problems which existed there. Shortly after Linne arrived he became aware of Hummel's shortcomings and discussed them with Hummel on June 20, preparing a memorandum setting forth specifically certain deficiencies in Hummel's job performance. That performance did not improve and on December 20, 1973 Hummel was suspended for excessive absenteeism. That suspension was upheld by Respondent Commission. Following the suspension Hummel's performance did not change and his excessive absenteeism continued. In February of 1974 Linne prepared a performance evaluation, explaining in detail the unsatisfactory performance of the employee and forwarded same through proper channels within the department, resulting in Mr. Baljet, the Executive Director of the Department, acting as agency head in personnel matters, dismissing Hummel for unsatisfactory job performance and for negligence, inefficiency, inability and unwillingness to perform assigned duties. Appeal was taken by Hummel to the Respondent Career Service Commission. The Commission found that the employee had been derelict in complying with his supervisor's instructions and requests, and found that the three-day suspension for excessive absenteeism was proper. However it opined that the action of the agency dismissing the employee "was too harsh and severe" and that the action should be modified to a 30-day suspension and the employee reinstated with full back pay.
There does not appear to be any dispute between the agency parties as to the facts, therefore our prior decision in Board of Regents v. Budjan, Fla.App. 1st 1970, 242 So.2d 163 has no application.
The essential issue for our determination is whether the Career Service Commission may, on appeal, determine that there was just cause for the action taken by the employing agency but nevertheless modify that action.
The Florida Administrative Commission (the Cabinet) sitting as the rule making body for the Department of Administration has adopted rules and procedures for the suspension and dismissal of State employees. *848 (Chapter 22A.7, Florida Administrative Code) Section 22A-7.10 G. 2. provides as follows:
"An agency head may dismiss any employee for just cause. Just cause shall include, but not be limited to, negligence, inefficiency, or inability to perform assigned duties; insubordination; willful violation of these or agency rules and regulations; conduct unbecoming a public employee, misconduct, habitual drunkenness, or conviction of any crime involving moral turpitude."
Section 22A-7.10 F. 2. provides:
"An agency head may suspend any employee for any of the reasons listed in Section 22A-7.10 (G) (2), or any other just cause, for a period not to exceed 30 calendar days in any calendar year. Upon request of the agency head, the State Personnel Director may approve an extension of the suspension for a period not to exceed an additional 60 calendar days. If court action is pending the State Personnel Director may approve an additional extension of a suspension when requested by the agency head."
Thus it appears that the grounds for suspension and for dismissal are identical in that either must be for just cause. The rules do not provide a criteria for distinguishing between when an agency must suspend an employee rather than dismiss the employee. It appears therefore that sole discretion to determine whether the employee is to be dismissed or suspended is vested in the agency, the only limitation being that the disciplinary action must be for just cause. The role of the Career Service Commission on appeal is to determine whether there existed competent substantial evidence to sustain the action taken by the agency and whether the facts establish "just cause".
Sub judice it appears that the Career Service Commission agreed with Petitioner that just cause existed otherwise there would be no basis for the Respondent's order of suspension. (Section 22A-7.10 F. 2) The Respondent Commission did in fact, as already stated, find the employee "derelict". That word is defined by Webster's Seventh New Collegiate Dictionary to mean lacking in a sense of duty; remiss, neglectful.
We hold, therefore, that under the facts of this case Petitioner was within its authority when it dismissed Hummel and that the Commission, finding no error of fact nor law in the actions of Petitioner, erred in ordering reinstatement with full back pay.
The taxpayers of Florida, upon whom the burden of all State salaries ultimately rests, are entitled to a day's work for a day's pay and to loyalty and fidelity of their employees. (Florida Department of Health and Rehabilitative Services, Division of Retardation v. Career Service Commission of State of Florida, Fla.App. 1st 1975, 308 So.2d 597.)
The Petition for Writ of Certiorari is granted. The order of the State of Florida, Career Service Commission should be vacated and the order of Petitioner reinstated.
Having so decided it is unnecessary for us to consider the other points raised by Petitioner. However, the Petitioner, Respondent Commission and the Attorney General as amicus curiae have all asked what we determine "once and for all" whether the deliberations of the Career Service Commission following hearings incident to appeals are subject to Chapter 286 Florida Statutes, commonly known as the Government in the Sunshine Law.
F.S. 110.061(2)(c) requires the Career Service Commission to issue its findings and decisions by written order, providing as follows:
"The commission shall, within thirty days after hearing such appeal, make its *849 finding and decision, copies of which shall be transmitted to the employee, the employing agency concerned, and the department."
The statutory provision is implemented by Rule 22A-10.07, Florida Administrative Code, which provides:
"After hearing an appeal, the Career Service Commission shall:
1. Within 30 calendar days, make its finding and decision and transmit copies of same to the employee, the employing agency concerned, and the Department of Administration.
2. Issue a written order which may sustain, reverse, or alter the decision of the employing agency... ."
Thus, the Commission is allowed thirty calendar days within which to make its findings and decisions. The labors of the Commission during that period, following the hearing "in the sunshine" are not unlike those of a petit jury after a case has been submitted to it for its deliberation, or those of an appellate court during the period following oral argument "in the sunshine". Those labors are, therefore, quasi-judicial and are not subject to Chapter 286 Florida Statutes.
BOYER, C.J., and McCORD, J., concur.
STURGIS, WALLACE E., Associate Judge, dissents.
STURGIS, WALLACE E., Associate Judge (dissenting).
I respectfully dissent from the majority opinion that would grant the petition for writ of certiorari and vacate the order of the Career Service Commission reinstating the order of Petitioner.
Petitioner's primary contention on appeal is that Respondent's order of reinstatement was without competent supporting evidence and, therefore, constituted an abuse of discretion.
The record in this case reveals that a long and detailed hearing was held by the Career Service Commission and that findings were made upon the employee's grievances. The majority of this Court concludes that the judgment of the Commission does not follow the evidence, that is, does not meet with the essential requirements of law.
My review of the record and briefs reveals a great deal of dispute of the facts and the weight of the evidence; I therefore conclude that Board of Regents v. Budjan, 242 So.2d 163 (Fla.App 1st (1970)) is applicable. It is not the function of this Court to substitute its judgment for that of the trier of the fact. Neither should this Court substitute its form of punishment for that of the tribunal charged by law with that responsibility unless the punishment exceeds the authority. Clearly Section 110.061(4), F.S. 1973, limits the scope of review to those cases where a fair and equitable hearing was denied, the decision was contrary to facts, rules and regulations, or the evidence was not sufficient. While I would question the authority of the legislature to limit appellate review of this Court by statute, that is not an issue to be decided. It suffices that there is no error in the findings and conclusions of the Commission and I would deny the writ.
For what solace it may be to the majority, I would concur in the conclusion that the deliberations of the Career Service Commission are not subject to the provisions of Chapter 286, Florida Statutes.