327 So.2d 862 (1976)
FLORIDA A & M UNIVERSITY, an Institution Owned and Operated by the State of Florida, Petitioner,
v.
Althea M. LEWIS et al., Respondents.
No. X-371.
District Court of Appeal of Florida, First District.
March 5, 1976.
Rehearing Denied March 26, 1976.
Thomas F. Woods, Woods & Johnston, Tallahassee, for petitioner.
Robert L. Shevin, Atty. Gen., Carol L. Reilly, Asst. Atty. Gen., and John E. Crusoe, Tallahassee, for respondents.
MILLS, Judge.
The University seeks review of an order of the Commission which changed the University's dismissal of its employee, Lewis, to a thirty-day suspension and reinstatement with full back pay. The issue before us is whether the Commission may determine that there was just cause for the dismissal of Lewis, but change the dismissal to a suspension.
Lewis was convicted of issuing two bad checks and sentenced to thirty days in the county jail. Because of this, the University dismissed Lewis on the ground of conduct unbecoming a public employee.
Lewis appealed to the Commission who changed the dismissal to a thirty-day suspension, because in its opinion the action of the University was too severe under the circumstances presented to it.
Sections 22A-7.10G.2 and 22A-7.10F.2 of Chapter 22A.7, Florida Administrative Rules, provide that an agency may dismiss or suspend an employee for just cause, which includes conduct unbecoming a public employee. The grounds for dismissal and suspension are the same. There is no guideline for determining when an agency must dismiss rather than suspend. Therefore, the agency has sole discretion to determine whether to dismiss or to suspend an employee, subject only to just cause. On appeal, the Commission may only determine whether there was competent substantial evidence to sustain the agency action or whether the facts establish just cause. State Department of Pollution Control v. State Career Service Commission (Hummel), 320 So.2d 846 (Fla.App. 1st, 1975).
*863 In the case before us, the Commission had to agree that just cause existed for the dismissal of Lewis, because otherwise there is no basis for the Commission's order of suspension. The Commission, finding no error in the action taken by the University, erred in ordering the suspension and reinstatement of Lewis with full back pay.
The petition for writ of certiorari is granted. The order of the Commission is quashed, and the dismissal of Lewis by the University is reinstated.
BOYER, C.J., and McCORD, J., concur.