330 So.2d 198 (1976)
CHUNG-LING YU, Petitioner-Appellant,
v.
Marshal CRISER et al., Respondents-Appellees.
Nos. Z-14, Z-25.
District Court of Appeal of Florida, First District.
March 19, 1976.
Rehearing Denied April 14, 1976.
*199 Jon D. Caminez, Tallahassee for petitioner-appellant.
Robert D. Bickel, University Atty., Fla. State University, and Herbert D. Sikes, Tallahassee, for respondents-appellees.
BOYER, Chief Judge.
In these consolidated actions, petitioner challenges the method by which his employment as a non-tenured assistant professor of mathematics at Florida State University was terminated. His petition for writ of certiorari challenges the final order of FSU President Marshall which upheld petitioner's termination. Petitioner has also filed a notice of interlocutory appeal from the Leon County Circuit Court order which stayed proceedings on all issues with respect to petitioner's breach of contract action until this Court ruled on the issues raised in President Marshall's order.
Petitioner was employed at FSU from September, 1969, until June, 1975. In September of 1974, petitioner filed his complaint in the Leon County Circuit Court, seeking damages and a decree of specific performance granting tenure based on breach of contract and violations of his constitutional and civil rights. When respondents filed a motion to dismiss the *200 complaint on the ground that petitioner had not exhausted his administrative remedies, the parties signed a stipulation, dated November 15, 1974, in which petitioner agreed to submit his employment grievances to a Florida State University faculty committee which was to conduct a hearing pursuant to existing State University System Rules of Procedure Governing Faculty Grievances. The parties requested the court to abstain from any further consideration of the case until February 1, 1975. According to the stipulation, neither petitioner nor respondents waived their right to challenge the binding effect of any decision rendered by the university under the aforementioned procedure. On February 10, 1975, the parties received notice of a formal adjudicative hearing to be held 15 days later. The letter of notice informed petitioner's counsel that, as requested, the complaint would be heard by the Faculty Professional Relations Committee rather than a hearing examiner, and that the committee would be advised on matters of procedures and proof by a part-time hearing examiner appointed by the university. In a letter written in response to the hearing notice, petitioner's counsel acknowledged the receipt of notice and appeared to agree to the suggested procedures, requesting the additional requirement that the hearing examiner be acceptable to petitioner and be a person who had no association with the university or who had not worked for the university in the past.
At the hearing itself, both sides presented numerous witnesses whose testimony will not be summarized in great detail herein. Suffice it to say that the witnesses called by petitioner testified that petitioner's work was satisfactory and that he should not have been terminated. Witnesses for respondents testified that the decision to terminate petitioner was not premised upon his national origin, union activities nor his civil suit filed in the Leon County Circuit Court relating to this matter but rather entirely upon an objective consideration of petitioner's performance in comparison to the performance of other persons employed by Florida State University's mathematics department. In its final report, the faculty committee found that petitioner's termination was not based on his national ancestry nor union activities and recommended that the termination be sustained because petitioner had failed to carry his burden to establish that his termination was based on constitutionally impermissible reasons. FSU President Marshall sustained the faculty committee's findings in his final order which petitioner challenges in his petition for writ of certiorari.
Two other orders are pertinent to our discussion of this cause. On June 3, 1975, the Division of Administrative hearings issued an order finding that it did not have jurisdiction to consider petitioner's complaint requesting a formal hearing pursuant to F.S. § 120.57(1).[1] On June 18, 1975, the Leon County Circuit Court Judge, ruling on respondents' motion to dismiss petitioner's breach of contract action filed in September of 1974, entered an order holding that because petitioner's suit was dependent upon the question of wrongful termination, proceedings on the complaint filed by petitioner in the circuit court should be stayed pending the results of this Court's review of the administrative action taken by Florida State University. Petitioner has filed a notice of interlocutory appeal from that circuit court order.
Petitioner initially argues that the Faculty Professional Relations Committee and the Board of Regents were without subject matter jurisdiction over the instant dispute. His jurisdictional objections may be placed into two categories. First, petitioner *201 asserts that certain procedures employed by the Faculty Committee were taken in direct contravention of Florida's Administrative Procedures Act. Second, he maintains that the Leon County Circuit Court erroneously refrained from ruling on petitioner's complaint which contained contractual and constitutional issues upon which only a circuit court may rule.
We must, as a threshold matter, determine whether the 1973 version of the Administrative Procedures Act or the APA as revised applies. Resolution of that question will define our scope of review on petitioner's claim of procedural irregularity. If we find that the APA as contained in Florida Statutes, 1973, is applicable, we need only decide whether the FSU Faculty Committee met the "minimum requirements" in adjudicating petitioner's legal rights, duties, privileges and/or immunities. (See F.S. (1973) § 120.20) The APA, as revised, imposes more exacting requirements on state agencies. Moreover, the legislature clearly expressed an intent in revising the APA to make uniform the adjudicative procedures used by state administrative agencies by replacing other procedural schemes found in the Florida Statutes with the provisions of the APA. (F.S. (1974 Supp.) § 120.72(1)) An Agency may be exempted from the provisions of the APA only by express order of the Administration Commission and after a public hearing. (F.S. (1974 Supp.) § 120.63) It is thus significant whether the instant proceeding should have been governed by the APA as it existed in 1973 or by the revised APA.
The revised APA gives us an indication as to which version of the APA applies. F.S. (1974 Supp.) § 120.72(2) provides:
"All administrative adjudicative proceedings begun prior to January 1, 1975, shall be continued to a conclusion under the provisions of the Florida Statutes, 1973, except that administrative adjudicatory proceedings which have not progressed to the stage of a hearing may, with the consent of all parties and the agency conducting the proceeding, be conducted in accordance with the provisions of this act as nearly as is feasible."
Therefore, if the administrative adjudicative proceedings began prior to January 1, 1975, then the 1973 APA is applicable. Turning our attention to the record of the instant case, we focus upon the stipulation signed by the parties on November 15, 1974. That stipulation, in unmistakable terms, indicates petitioner's desire to have his employment grievances heard by the appropriate Florida State University faculty committee in a hearing held pursuant to the State University System Rules and Procedure Governing Faculty Grievances. We are of the view that the stipulation is of such character as to constitute the beginning of the administrative adjudicative process for the purpose of F.S. § 120.72(2). Although the notice of hearing was issued and the hearing was held subsequent to January 1, 1975, nevertheless, the parties had clearly signaled their intent to invoke the university's administrative system. Indicative of petitioner's intent is his letter written in response to the formal notice of hearing wherein he accepted the proposed procedures with the additional suggestion that the hearing examiner have no previous ties with the university.
Petitioner claims that the revised APA should govern the instant proceedings because of the reservation of rights provision of the stipulation entered into between the parties, and certain state university system rules of procedure which appear to delineate the initiation of the administrative adjudicative proceedings as the date that the formal notice of hearing is issued. First, the reservation of rights found in the stipulation logically preserves the rights of both parties to seek appropriate judicial review of the findings of fact and conclusions of the agency. Placing the reservation of rights within the context *202 of the entire stipulation, we find that it would be inconsistent with the obvious intent of the parties to accept petitioner's argument concerning the reservation, to wit: that petitioner reserved his right to challenge the very validity of the university administrative process. To the contrary, that stipulation manifests the parties' desire to rely on the university administrative system. Second, the State University System Rules of Procedure cited by petitioner to establish that the adjudicative proceedings did not begin until after January 1, 1975, are not applicable. For the purpose of determining when the adjudicative proceedings commenced under the APA, a consideration of the intent and actions of the parties is necessary. As already discussed, the key document in this regard is the November, 1974 stipulation whereby the parties plainly expressed their desire to place petitioner's employment dispute before the appropriate university faculty committee. That expression of intent was sufficient to constitute an initiation of adjudicative proceedings, as the Division of Administrative Hearings found in its June 3, 1975 order.
Analyzing the instant proceedings by the standards found in the 1973 version of the APA, the validity of the procedures employed by the university becomes apparent. Specifically, petitioner's assertion that the panel which made the proposed recommendation of petitioner's termination was unlawfully constituted under the APA is without merit. The faculty committee, aided by a part-time hearing examiner, fulfilled the "minimum requirements" established by Chapter 120, F.S., 1973, and afforded petitioner every opportunity to present witnesses and evidence on his behalf.
Petitioner makes a further jurisdictional claim based on the contention that only the circuit court could rule on his breach of contract and constitutional allegations, and that the action of the circuit court in staying the breach of contract action pending a decision by this Court was clearly erroneous in view of the circuit court's exclusive jurisdiction over breach of contract action. (See Fla. Const. (1958 Rev), Art. V, § 5(b) and § 20(c)(3), and F.S. § 26.012(2)(a)) However, claims such as those raised by petitioner in this case are properly determined by the academic community. (Cornwell v. University of Florida, Fla.App. 1st 1975, 307 So.2d 203) The evaluation of professionals involves judgment peculiarly possessed by those expert in the various academic disciplines. (Green v. Texas Tech University, 5th Cir.1974, 474 F.2d 594) Even constitutional issues raised in the context of a claim of unjustified termination should be heard within the institution before an administrative tribunal. (Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972)) The circuit court properly suspended the judicial process pending final resolution of the issues raised before the faculty committee. (State ex rel. Shevin v. Tampa Electric Company, Fla. App.2d 1974, 291 So.2d 45) The university has the inherent authority to determine disputes concerning the evaluation of its faculty, but it also has been delegated specific authority by statute. (F.S. §§ 240.001, 240.042, and 241.731) Petitioner cannot compel the relitigation of his claims once they have been determined by the university in a preliminary hearing complying with all procedural and substantive due process safeguards, merely by couching such claims in breach of contract or constitutional language. (U.S. v. Utah Construction Co., 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966))
In the final argument relating to subject matter jurisdiction, petitioner claims that the recommendations of the faculty committee failed to deal with his contractual claims but merely decided whether he received the procedural protections to which he was entitled. Examination of the subcommittee's recommended order leads us to the conclusion that petitioner's contractual claims were fully considered. *203 While the subcommittee did note that evidence of petitioner's competence was irrelevant, this subcommittee, quite properly, did consider thoroughly the determinative question, i.e., whether petitioner was terminated for constitutionally impermissible reasons. The voluminous record in the case taken in conjunction with the subcommittee's extensive findings of fact totally refute petitioner's assertion that his contractual claims were not fully considered.
Petitioner next raises the sufficiency of the evidence. After a meticulous examination of the record on appeal, we conclude that the findings by the faculty subcommittee are supported by competent substantial evidence. Petitioner did not carry his burden of demonstrating that the decision to terminate him was motivated by considerations of national ancestry, of his union activities, nor of his appeal of the original decision taken in 1972 not to promote him. The record supports the finding that all evaluations of petitioner were based upon his teaching, research, and service, considered along with the needs of the mathematics department. In terminating petitioner, the university adhered to its own rules. Petitioner was evaluated in terms of his performance of his assigned duties and responsibilities as required by F.S. § 241.731(1). Nor does the record support his allegations that he was neither afforded counseling nor formal warning of possible discharge prior to receiving notification of the non-renewal of his appointment.
Finally, petitioner urges that no act taken by the faculty evaluations committee is binding because the Government in the Sunshine Act (F.S. § 286.011(1)) was violated. That issue is raised for the first time on appeal, not having been raised by petitioner at any time below. The record on appeal is silent as to whether the Government in the Sunshine Act was violated. No testimony was introduced on the matter by either side, and no complaint was filed with a judicial body of original jurisdiction. Consequently, we find it inappropriate to consider the Government in the Sunshine Act issue at this time.
The petition for writ of certiorari directed to FSU President Marshall's final order is denied, and the order of the Leon County Circuit Court appealed herein is affirmed.
McCORD, J., and LEE, THOMAS E., Associate Judge, concur.
NOTES
[1] Although petitioner expressed his intent to attack the division's order in his petition for writ of certiorari, he has subsequently indicated in his brief that he has abandoned any attack of that order.