355 So.2d 131 (1978)
James COLLINS, Petitioner,
v.
FLORIDA DEPARTMENT OF OFFENDER REHABILITATION, and Florida Career Service Commission, Respondents.
No. GG-364.
District Court of Appeal of Florida, First District.
January 26, 1978.
Rehearing Denied March 9, 1978.
Jerry G. Traynham of Patterson & Traynham, Tallahassee, for petitioner.
Raymond W. Gearey, Tallahassee, for respondent.
BOYER, Judge.
Petitioner Collins, an employee of the Florida Department of Offender Rehabilitation (DOR) seeks review of an order of the Career Service Commission sustaining a 30 day suspension without pay.
Petitioner was charged by DOR with conduct unbecoming a public employee and willful violation of rules, regulations, directions or policy statements governing behavior of employees of DOR and Sumter Correctional Institution. That charge led to the subject suspension. Petitioner then requested an administrative hearing. A hearing officer of the Division of Administrative Hearings conducted a hearing and submitted a recommended order containing *132 findings of fact, conclusions of law and a recommendation that DOR "withdraw the penalty of suspension without pay and substitute a written reprimand".
The Career Service Commission thereupon entered the following order:
"This cause came on to be heard by the Career Service Commission on May 11, 1977, in Tallahassee, Florida. The Commission has considered the Recommended Order by Hearing Officer Delphene C. Strickland and the record of this appeal. The Commission hereby accepts, adopts and incorporates by reference the Findings of Fact as set forth in the Recommended Order, dated April 11, 1977. The Commission must reject, however, the Conclusion of Law and Recommended Penalty and submits the following conclusions.
"While the Hearing Officer did not conclusively find that Collins was intoxicated, the facts presented do support the Agency's charge of conduct unbecoming a public employee. The Hearing Officer concluded that the Appellant was guilty of this general charge, based on the evidence brought out at the hearing, and recommended altering the suspension to a written reprimand. Inasmuch as the designated Hearing Officer is vested only with such authority as the Commission possesses, the Hearing Officer's recommendation to alter the penalty is impermissible.
"The Agency's disciplinary action of a 30-day suspension being within its authority was supported by the evidence and as set forth in the Hearing Officer's Findings of Fact.
"Wherefore, it is
"ORDERED that the action of the Agency be, and the same is, hereby sustained. * * *"
Petitioner argues that the findings of the hearing officer have been misconstrued by the Commission. We cannot agree. As stated by the Commission: "While the Hearing Officer did not conclusively find that Collins was intoxicated, the facts presented do support the Agency's charge of conduct unbecoming a public employee." Without such a finding there would have been no basis for the hearing officer's recommendation of the disciplinary action of a written reprimand.
Rule 22A-10.03 Disciplinary Actions, Florida Administrative Code, provides in part:
"(4) Each agency's program for handling disciplinary problems shall provide for the following types of disciplinary actions:
(a) Oral Reprimand
(b) Written Reprimand
(c) Change in Assignment
(d) Reduction in Pay
(e) Demotion
(f) Suspension
(g) Discharge"
We also agree that the Commission was correct in determining and stating that the designated hearing officer is vested only with such authority as the Commission possesses. In Florida A & M University v. Lewis, 327 So.2d 862 (Fla. 1st DCA 1976) Judge Mills, speaking for this court, said:
"* * * The grounds for dismissal and suspension are the same. There is no guideline for determining whether an agency must dismiss rather than suspend. Therefore, the agency has sole discretion to determine whether to dismiss or to suspend an employee, subject only to just cause. On appeal, the Commission may only determine whether there was competent substantial evidence to sustain the agency action or whether the facts establish just cause. * * *" (327 So.2d 862)
It appearing that the findings of fact set forth in the hearing officer's recommended order were sufficient to establish just cause, viz: Were sufficient to establish a finding of conduct unbecoming a public employee, and it further appearing that just cause having been established it was the prerogative of the agency (DOR), and neither the hearing officer nor the Commission, to determine the disciplinary action to be taken pursuant to Rule 22A.10(03) above *133 quoted, the action of the agency and the order of the Career Service Commission sustaining that action is
AFFIRMED.
McCORD, C.J., and MELVIN, J., concur.