384 So.2d 205 (1980)
The SCHOOL BOARD OF PINELLAS COUNTY, Florida, Petitioner,
v.
Walter B. NOBLE and the State Board of Education, State of Florida, Respondents.
No. EE-160.
District Court of Appeal of Florida, First District.
April 11, 1980.
B. Edwin Johnson, St. Petersburg, for petitioner.
Gene T. Sellers, Tallahassee, John J. Chamblee, Jr. of the Law Offices of Richard H. Frank, Tampa, for respondents.
ERVIN, Judge.
The School Board of Pinellas County appeals an order of the State Board of Education which discarded the county board's order dismissing appellee Noble as a school teacher and accepted instead the recommendation of the Professional Practices Council (PPC) that Noble be reprimanded.
The county board asks whether a superior administrative agency has the power to substitute its judgment for that of an inferior *206 agency when the latter's decision is supported by competent and substantial evidence. It relies on cases relating to administrative review by the courts, Florida Real Estate Commission v. Webb, 367 So.2d 201 (Fla. 1978); Carlton v. State of Florida, Division of Occupations, 354 So.2d 77 (Fla. 1st DCA 1978), and by the Career Service Commission, State Dept. of Pol. Con. v. State Career Serv. Com'n, 320 So.2d 846 (Fla. 1st DCA 1975); Florida A. & M. University v. Lewis, 327 So.2d 862 (Fla. 1st DCA 1976); Collins v. Florida Department of Offender Rehabilitation, 355 So.2d 131 (Fla. 1st DCA 1978); Woodworth v. Department of Education, 369 So.2d 1040 (Fla. 4th DCA 1979), holding that the employing agency has sole discretion to determine whether to suspend or dismiss an employee, subject only to just cause, while the reviewing tribunal's function is limited only to determining whether there was competent and substantial evidence to sustain the agency action. We decline to answer the question raised and affirm the order of the state board because we find, due to the manner in which the proceedings were conducted, the county board had no authority to delegate its responsibility to the PPC, an appointive body of the state board, to conduct a discharge hearing on its behalf, which it either should have conducted, Section 231.36(6), Florida Statutes (1973), or, with the consent of all parties, requested a Division of Administrative Hearings (DOAH) officer to conduct.
After charges were filed against Noble alleging violations of the school code, the county board referred the discharge question to the PPC for a hearing. The PPC conducted the hearing, found that Noble violated Section 232.023, relating to falsification of attendance records, and Fla. Admin. Code Rule 6B-1.03(2)(b), pertaining to misrepresentation of facts in educational matters, but recommended only that Noble be reprimanded, not discharged. The county board then reviewed the record of the proceedings before the PPC, rejected the recommendation and ordered Noble discharged.[1] This order in turn was rejected on appeal by the State Board of Education, which reinstated the PPC's order of reprimand.
We find no authority permitting the PPC to conduct a discharge hearing on behalf of a county school board. Section 231.36(6) provides in part that "the school board shall hold a public hearing ... to determine upon the evidence submitted whether the charges have been sustained and, if said charges are sustained, either to dismiss said employee or fix the terms under which said employee may be reinstated." (e.s.) This statute is in effect a penal statute, as it imposes sanctions, including suspension or dismissal of an employee under continuing contract when he is found guilty of violating the statute's proscriptions. Cf. Lester v. Dept. of Prof. and Occ. Regulations, 348 So.2d 923 (Fla. 1st DCA 1977). Consequently, the statute must be strictly construed, and, if there are any ambiguities within it, they must be construed in favor of the employee. Id.
The only statute permitting the PPC to conduct a hearing involving teacher misconduct is Section 231.57(6)(b), Florida Statutes (1973), allowing it to preside over a hearing of any apparent violation of the education codes and professional standards, to recommend to a county school board that a member of the profession be warned or reprimanded, or to make any recommendation which will promote an improvement of the teaching profession. The proceeding authorized by Section 231.57(6)(b), notwithstanding, is clearly not that countenanced by Section 231.36(6).
There is authority for a discharge hearing to be conducted by a DOAH officer rather than a county school board. However, because the administrative adjudicatory proceedings *207 were begun before the effective date of the 1974 APA, a DOAH officer could not have done so without the parties' consent. There was no consent; therefore, the proceedings could only have been conducted in accordance with the procedure provided in the 1973 APA. See Section 120.72, Florida Statutes (Supp. 1974), and Chung-Ling Yu v. Criser, 330 So.2d 198 (Fla. 1st DCA 1976).
The 1973 Act does not allow the PPC to supervise a discharge hearing on behalf of the county board. Agency is defined by that Act as the "state officer who constitutes the agency authorized by law to adjudicate any party's legal rights, duties, privileges or immunities, ... ." Section 120.21(1). And, under the 1973 Act, only the agency, a member of the agency, or a hearing examiner supplied by the agency was authorized to preside over a hearing at which a party's rights were determined. Sections 120.22 and .24. Nowhere, then, under either the 1973 Act or the 1974 Act, if it applied, is there authority for the PPC to conduct that type of hearing demanded by Section 231.36(6).
Assuming that the parties by their actions consented for the PPC to preside over the discharge hearing, and that Noble is now estopped to contend the contrary, there can hardly be any serious assertion that Noble consented for the board to aggravate the penalty recommended by the PPC. Although Noble never contested the recommendation, he did the board's substituted penalty by appealing it to the state board.
Finally, there is no statutory authority permitting a county board to augment a recommended penalty of the PPC by simply reviewing the entire record and then concluding the findings of fact were not supported by competent, substantial evidence or they did not comply with the essential requirements of law. An agency's only authority to enhance a recommended penalty is found in Section 120.57(1)(j), Florida Statutes (Supp. 1974):[2] It may increase a penalty in a recommended order after it has reviewed the entire record. The recommended order, however, may only be that of a hearing officer. See Section 120.57(1)(j). While Section 231.57 permits the PPC to make recommendations to the school boards, there is no comparable provision to that of Section 120.57 in the School Code allowing the school board to aggravate the PPC's recommendation by merely reviewing the record.
The provisions of Section 120.57(1)(j) are clear: A county school board is authorized to inflict sanctions harsher than those proposed when the recommendation is made only by a hearing officer  not by some other person or body. And, if that board does not either request a DOAH officer to conduct a discharge hearing, or conduct one itself, it must be considered bound by the PPC's recommendation. As a result, the state board was free to accept the recommendation of the PPC rather than the substituted penalty of the county board.
AFFIRMED.
MILLS, C.J., and LARRY G. SMITH, J., concur.
NOTES
[1] The board's order stated it had authority under Section 120.75(1)(j) (the order should have stated 120.57(1)(j)) to reject or modify the conclusions of law in the recommended order after determining from a review of the complete record that the PPC's findings were not supported by competent and substantial evidence or did not comply with the essential requirements of the law.
[2] Now Section 120.57(1)(b)9, Florida Statutes (1979).