403 So.2d 1066 (1981)
DEPARTMENT OF TRANSPORTATION, Appellant,
v.
William F. JAMES, Appellee.
No. 79-2247.
District Court of Appeal of Florida, Fourth District.
September 9, 1981.
*1067 H. Reynolds Sampson, Gen. Counsel Dept. of Transp., Margaret-Ray Kemper, Appellate Atty., Tallahassee, for appellant.
Robert Woolfork, Executive Director and Burton M. Michaels, Tallahassee, for appellee, Career Service Commission.
GLICKSTEIN, Judge.
This is an appeal by the Department of Transportation from a decision of the Career Service Commission as to the Department's employee, appellee William F. James. We reverse.
On May 12, 1979, appellee James was traveling from Fort Lauderdale to Clearwater in a Department vehicle. En route and while on official business he stopped twice and consumed alcoholic beverages. At the hearing on his appeal to the Career Service Commission, appellee admitted to three or four drinks at the first stop and one drink at the second. Near Bartow, while traveling 65 miles per hour, appellee was involved in a serious accident when another motor vehicle turned in front of him. The Department vehicle was demolished and three persons, one of whom was appellee, were injured. Investigation of the accident revealed appellee's blood alcohol level to be an unlawful 0.19 per cent.
Appellee was suspended for thirty days pending completion of the investigation of the accident, and on April 27, 1979, was dismissed effective April 30, 1979. He appealed his dismissal to the Career Service Commission on May 9, 1979, which, in its order filed September 26, 1979, sustained appellee's dismissal from the position of Public Transportation Specialist I, but ordered the Department to offer appellee the next available position, not requiring travel, for which he is qualified.
The Department contends the Commission was without authority to require the Department to offer appellee the next available position, not requiring travel, for which he is qualified. The Career Service Commission argues in support of its decision that it derived its authority from Florida Administrative Code Rule 22A-10.07(2). That paragraph of the rule, which has not been altered since the date of the accident, provides that after hearing, the Commission shall:
(2) Issue a written order which may sustain, reverse, or alter the decision of the employing agency. The orders of the Career Service Commission may include, but not be limited to, the reinstatement of an employee, with or without back pay; removal of all references to the charges from the employee's personnel file; or other decisions deemed proper and necessary based on the circumstances of the appeal. (Emphasis supplied)
Although we agree with the Commission that Section 110.061, Florida Statutes (1978 Supp.), applies because it was in effect on the date of the accident,[1] that *1068 section does not provide a basis for the Commission's discretion to issue such orders as it deems "proper and necessary." Section 110.061(3) provided:
(3) The Career Service Commission may:
(a) Order the reinstatement of an employee, with or without back pay.
(b) In its discretion, reduce a dismissal to a suspension for such time as the Commission may fix; or
(c) Reduce the period of a suspension, ... .
A regulatory body cannot enlarge its authority through promulgation of rules beyond the authority delegated by statute. See Florida Growers Coop Transport v. Department of Revenue, 273 So.2d 142, 144 (Fla.1st DCA) cert. denied 279 So.2d 33 (Fla. 1973), wherein our sister court stated:
In innumerable decisions the appellate courts of Florida have pointed out that, where a regulatory body is created by statute and endowed with the authority to promulgate rules and regulations to carry into effect the statutory provisions, the rules and regulations must be consistent with those provisions and must not amend those provisions... .
We hold that the clause underlined in the above quoted rule, which appears to empower the Commission with unbridled discretion, must be given a narrow interpretation in order to be in harmony with the principle articulated in Florida Growers Coop Transport, supra. Since neither Section 110.061(3) nor any other statute empowered the Career Service Commission with the authority to require the Department to offer appellee James another position, such decision was made without lawful authority.
Accordingly, we reverse the decision and remand for consideration of whether the dismissal should be reduced to a suspension, and if so, for what time.
REVERSED AND REMANDED.
DOWNEY and HURLEY, JJ., concur.
NOTES
[1] The Department contends that Section 110.309(4), Florida Statutes (1979) applies as it became effective July 1, 1979, replacing Section 110.061. Section 110.309(4) provides:

(4) Upon a finding that just cause for disciplinary action existed, but did not justify the severity of the action taken, the commission may, in its discretion:
(a) Reduce a dismissal to a suspension for such time as the Commission may fix; or
(b) Reduce the period of a suspension.
As can be seen from the foregoing, there is no language to support the discretion granted by the rule in question; however, we concur with the Commission's argument that Section 110.061 should govern here because the date of the accident determines the rights of appellee.