ERVIN, Judge.
This is an appeal by the Department of Highway Safety and Motor Vehicles (the Department) from an order of the Career Service Commission (the Commission) in which the Commission determined that the Department improperly dismissed appellee Adeline Fields from its employ. Reducing the dismissal to a suspension pursuant to Section 110.309(4), Florida Statutes (1979), the Commission also ordered that Fields be reinstated in a different position. Because of the nature of this case and significant policy considerations which relate to a final determination of this case, we remand for a hearing pursuant to Section 120.57(1), Florida Statutes (1981). See § 120.68(13)(a)(1), Fla.Stat.
Appellee Adeline Fields was initially employed by the Department of Health and Rehabilitative Services (HRS) as a clerk-typist II. She reached permanent status for that position within the career service system. Thereafter, she moved into a position with HRS as a secretary II but did not reach a permanent status for that classification. For personal reasons she left HRS and was hired by appellant as a clerk-typist III. All of the foregoing service was continuous in nature in that there were no interludes of unemployment, or work for another employer.
During her six-month probationary period of employment with the Department, it was determined that she was unable to properly discharge her duties, and she was dismissed by the Department. Because she had previously reached permanent status with HRS and had been en *355 gaged in continuous employment within the career service system, she was entitled to appeal her dismissal even though she had not reached permanent status in her position with the appellant. See Fla.Admin. Code Rule 22A-7.04(b); § 110.309(1), Fla. Stat. (1979).
At the hearing held before the Commission, it was ascertained that a significant part of her work with the Department involved answering telephones; that she had a hearing impediment which hindered her in successfully carrying out her duties; and that just cause existed for her dismissal. Pursuant to Sections 110.309(2), (4), Florida Statutes (1979), the Career Service Commission had two alternatives, including:
(2) Upon a finding that just cause existed for the suspension or dismissal, the commission shall affirm the suspension or dismissal.
* * * * * *
(4) Upon a finding that just cause for disciplinary action existed, but did not justify the severity of the action taken, the commission may, in its’ discretion: (a) Reduce a dismissal to a suspension for such time as the commission may fix

The Commission determined that absolute dismissal was too harsh, reduced the dismissal to a suspension for the period August 7 to December 7, 1981, and ordered that Fields be reinstated — not in her former position with the Department as a clerk-typist III but as a clerk-typist II. It is unclear whether the Commission has relied upon Section 110.309(4), Florida Statutes, in making this determination or upon Florida Administrative Code Rule 22A-10.07(2).[1] Regardless, however, the Department now argues that the Commission has acted beyond its statutorily granted powers by ordering what amounts to a demotion. Contrast Department of Transportation v. James, 403 So.2d 1066 (Fla. 4th DCA 1981). To affirm the Commission order will, in effect, cause the Department to create the new position of clerk-typist II, a position which the Department asserts it does not have in the area of the state in which Fields resides.
The factual findings of the Commission have not been controverted on appeal and appear to be based on substantial competent evidence. Thus, it is clear that the Department had just cause for the dismissal; it also appears that Section 110.309(4)(a) authorizes the Commission to reduce a dismissal to a suspension despite the existence of just cause for the disciplinary action taken by the agency. This court is therefore relegated to determining this cause based on Section 110.309(4), Florida Statutes. Herein lies the crux of this case which is an enigma fraught with unspoken policy ramifications.
If we determine that the Commission has gone beyond the statutory parameters, we will in effect be mandating that Fields be reinstated to her job as a clerk-typist III, a position in which she cannot effectively function. This seems an impracticable result, one which will create a burden on Fields, and which will undoubtedly hinder the proper functioning of the taxpayer-funded Department. On the other hand, if we affirm, we will be setting new precedent by allowing the Commission to promote and demote at will in disciplinary actions. As is the case here, the Commission will be able to order effectively the creation of new positions that may be little more than “make work” jobs, the creation of which may wreak havoc on the state budget.
This case involves many subtle policy considerations which have not been enter *356 tained, based upon our review of the record and the parties’ briefs. Under the circumstances, we consider that the better course of judicial wisdom is to remand this cause to the Commission for the purpose of developing a record directed to the following considerations:
(1) What authority does the Commission rely upon in “demoting” the employee to a lesser position than that held by her prior to her dismissal?
(2) If the Commission is properly authorized to so act, can Fields effectively function in the position of clerk-typist II with the Department?
(3) What burden, if any, would be placed upon the Department in carrying out the Commission’s order reassigning Fields to a clerk-typist II position?
(4) If no such position presently exists within the Department in that area of the state where Fields now resides, could Fields, from a practical standpoint, be transferred to another area where such a position is available?
Accordingly, jurisdiction is relinquished to the Commission for the purpose of conducting a Section 120.57(1) proceeding addressed to the considerations above delineated and for the entry of a final order adequately founded upon a record as required by Section 120.59.
REMANDED.
ROBERT P. SMITH, Jr., C. J., and SHAW, J., concur.

. Florida Administrative Code Rule 22A-10.-07(2) states:
After hearing an appeal, or receiving the recommended order, the Career Service Commission shall:
* * * * * *
(2) Issue a written order which may sustain, reverse, or alter the decision of the employing agency. The orders of the Career Service Commission may include, but not be limited to, the reinstatement of an employee, with or without back pay; removal of all references to the charges from the employee’s personnel file; or other decisions deemed proper and necessary based on the circumstances of the appeal, (e.s.)