NESBITT, Judge.
The Department of Highway Safety and Motor Vehicles appeals an order of the Career Service Commission which required the reinstatement of a disabled Florida Highway Patrol trooper. We reverse.
William German was first employed by the Department as a Highway Patrol Officer I on March 2, 1981. He was injured while on duty on December 12, 1981. As a result of the injuries, German was unable to adequately perform the duties of a trooper and was subsequently offered a demotion to the position of radio-teletype operator. Although he accepted this offer, he was never actually transferred to the position. On March 31, 1983, German was dismissed from the position of Highway Patrol Officer I because of his inability to perform assigned duties.
German appealed his dismissal to the Career Service Commission. Following a hearing, the Commission found that German was qualified and able to perform the duties of a radio-teletype operator. The Commission thereupon ordered that he be reinstated as a Highway Patrol Officer I, and further ordered the Department to comply with its earlier commitment by offering German the position of radio-teletype operator. The Department appeals this order.
We first note that German, a career service employee, could only be dismissed for cause, which includes inability to perform assigned duties. § 110.227(1), Fla. Stat. (1981). It was the function of the Commission to determine whether just cause existed for the dismissal on March 31, 1983. § 110.309, Fla.Stat. (1981). In doing so, the Commission should have limited the scope of its inquiry to whether German could perform the assigned duties of the position of Highway Patrol Officer I, the position from which he was dismissed. Nothing concerning the purported demotion was before the Commission. It was, therefore, error for the Commission to order the Department to reinstate the trooper to the position of Highway Patrol Officer I upon a finding that he was able to perform the assigned duties of a radio-teletype operator.
In Collins v. Florida Department of Offender Rehabilitation, 355 So.2d 131, 132 (Fla. 1st DCA 1978), the court held:
“[T]he agency has sole discretion to determine whether to dismiss or to suspend an employee, subject only to just cause. On appeal, the [Career Service] Commission may only determine whether there was competent substantial evidence to sustain the agency action or whether the facts establish- just cause.” (quoting from Florida A & M University v. Lewis, 327 So.2d 862 (Fla. 1st DCA 1976))
The record in the present case clearly indicates that German was unable to perform the assigned duties of a Highway Patrol Officer I. The Department, therefore, had just cause to dismiss him from that position, § 110.227, and the Commission was *1015 required to affirm the dismissal. § 110.-309(2).
We also find error in the Commission’s order requiring the Department to offer German the position of radio-teletype operator. First, as previously stated, nothing concerning the purported demotion was before the Commission. Additionally, a regulatory body has only that authority delegated to it by statute. Since neither section 110.309 nor any other statute gives the Commission the authority to require the Department to offer German another position, the order was made without lawful authority. Department of Transportation v. James, 403 So.2d 1066 (Fla. 4th DCA 1981).
Accordingly, we reverse the order under review and remand with directions to the Commission to affirm German’s dismissal.