541 So.2d 691 (1989)
David SOLOMON, Appellant,
v.
DEPARTMENT OF TRANSPORTATION, Appellee.
No. 88-1109.
District Court of Appeal of Florida, First District.
March 23, 1989.
*692 Peter S. Schwedock, of Pelzner, Schwedock, Finkelstein & Klausner, Miami, for appellant.
Gergory G. Costas, Thomas H. Bateman, III, Gen. Counsel, Dept. of Transp., for appellee.
WENTWORTH, Judge.
Appellant seeks review of a March 18, 1988 Public Employees Relations Commission (PERC) order by which the Commission concluded that it had no statutory authority to mitigate appellant's dismissal from employment by directing the agency to employ him in another capacity for which he would not be disabled. We affirm.
Appellant was employed by the Department of Transportation as a toll collector for 12 years until August 19, 1987. During the last few years of his employment appellant complained to his supervisors of problems with allergies and unsuccessfully requested a transfer to a position other than toll collector. On January 24, 1986 appellant filed a worker's compensation claim. In an August 5, 1986 final order the deputy commissioner characterized appellant's claim as alleging:
That the exposure to exhaust fumes from motor vehicles passing by his toll booth either caused him to have an allergic reaction necessitating medical treatment for breathing problems and other associated difficulties, or that his preexisting condition, which was not symptomatic, was made symptomatic by this continued exposure to chemical irritants.
The deputy commissioner awarded temporary total disability benefits commencing July 26, 1985. Benefits continued until November 18, 1986 when appellant returned to work with his employer. The record does not indicate whether or not appellant had a pending claim for permanent disability benefits. In a February 9, 1987 letter appellant's doctor wrote to a carrier adjustor stating that appellant would not be able to return to his job as a toll collector under any circumstances due to his medical condition. On September 18, 1987 a DOT deputy assistant secretary terminated appellant from his position as toll collector for physical inability to perform his job.
Appellant appealed the termination from employment. A hearing was held December 3, 1987 to determine whether the agency's dismissal of appellant was justified by his alleged inability to perform his job, whether appellant's dismissal violates laws and administrative rules prohibiting handicapped discrimination, and whether appellant is entitled to a transfer to another *693 position which he can physically perform. Following the hearing, the hearing officer entered a recommended order finding that medical reports indicated appellant was unable to continue working as a toll collector. Appellant argued that his years of service with the agency, and the availability of other jobs within the agency, should have resulted in his placement in another job rather than his dismissal. The agency responded that it attempted to find another position for appellant but could not, and that in any event it did not have a legal duty to reassign appellant to another position.
The hearing officer concluded that the agency had cause to dismiss appellant for inability to perform his job as toll collector, and that PERC lacks statutory authority to mitigate a dismissal for inability to work. As to appellant's contention that the agency violated state policy prohibiting employment discrimination against handicapped citizens, the hearing officer found that PERC does not have authority to directly enforce federal law, since section 760.10, Florida Statutes, prohibits dismissal of an employee because of handicap and enforcement of that law is with the Florida Commission on Human Relations (FCHR). While FCHR may refer such cases to PERC, FCHR had not done so in this case. The hearing officer concluded that mitigation of the dismissal was not possible. However, Chapter 86-163, Laws of Florida, created section 447.208(3)(c), Florida Statutes, and transferred jurisdiction for state career service appeals to PERC. The hearing officer noted a lack of precedent as to whether the statute now authorizes PERC to mitigate a dismissal for inability to perform a particular job. He applied the four mitigation criteria codified in section 447.208(3) and recommended that, if mitigation is ever appropriate for a case such as this, appellant's dismissal be mitigated to an indefinite suspension without pay with the opportunity to accept a demotion or reassignment appointment to an available vacancy for which he is physically and otherwise qualified within a reasonable time.
On March 18, 1988 PERC entered a final order, accepting the factual findings of the hearing officer, agreeing with the hearing officer's legal analysis with modification, and affirming the agency's dismissal of appellant. The Commission applied the mitigating criteria set forth in section 447.208(3), Florida Statutes (1987), and concluded that mitigation was not warranted in this case, while not foreclosing the possibility that mitigation of a dismissal for inability to perform job duties may be appropriate under other circumstances.
Appellant characterizes himself as a handicapped person under federal and state law, apparently on authority of Vickers v. Veterans Administration, 549 F. Supp. 85 (W.D.Wash. 1982). In Vickers an individual who was unusually sensitive to tobacco smoke and whose hypersensitivity to that smoke limited a major life activity, i.e., his capacity to work in any environment which was not completely smoke free, was determined to be a handicapped person as defined by the Rehabilitation Act, 29 U.S.C. section 706(7)(b). Under that statute "an impairment that interferes with an individual's ability to do a particular job, but does not significantly decrease that individual's ability to obtain satisfactory employment otherwise is not `substantially limiting' for purposes of the Rehabilitation Act." de la Torres v. Bolger, 610 F. Supp. 593, 596 (N.D.Tex. 1985). Section 760.22(5)(a), Florida Statutes (1987), provides, similarly, that a handicapped person "has a physical impairment which substantially limits one or more major life activities... ." Appellant's inability to tolerate specific vehicle exhaust fumes does not appear to be equivalent to incapacity for work in any environment which is not completely smoke-free.
In any event, the hearing officer concluded that PERC had no authority to enforce that federal law, to determine that appellant was a handicapped person under that law, or that the Department did or did not make a reasonable effort to accommodate such a handicap, since enforcement of Chapter 760 lies with the Florida Commission on Human Relations. These conclusions were adopted by PERC in its final order, and appellant has failed to challenge any of these findings. Instead he asserts *694 that Chapter 760 and section 413.08, Florida Statutes, prohibit an employer from discriminating against an individual because of a handicap. Section 413.08(3), however, provides that "no employer shall refuse employment to the ... physically disabled on the basis of the disability alone, unless it is shown that the particular disability prevents the satisfactory performance of the work involved." (e.s.) The records of appellant's treating physician which were entered into evidence, showed that appellant's inability to tolerate exhaust fumes prevented the satisfactory performance of his job as a toll collector.
The fact that appellant's condition rendered him unable to perform his job duties therefore precludes his dismissal being actionable as an unlawful employment practice under section 760.10(8)(a), Florida Statutes, which provides that it is not an unlawful employment practice for an employer to "take or fail to take any action on the basis of ... handicap ... in those certain instances in which ... absence of a particular handicap... is a bona fide occupational qualification reasonably necessary for the performance of the particular employment to which such action or inaction is related." Florida cases have held that PERC has no statutory authority to mitigate a dismissal by directing an agency to employ a disabled employee in another capacity. See Department of Highway Safety and Motor Vehicles v. German, 451 So.2d 1013 (Fla. 3d DCA 1984); Department of Corrections v. Dixon, 436 So.2d 320 (Fla. 1st DCA 1983); Department of Transportation v. James, 403 So.2d 1066 (Fla. 4th DCA 1981).
The order is affirmed.
THOMPSON and WIGGINTON, JJ., concur.