Honorable Bill James State Attorney Thirteenth Judicial Circuit
QUESTION:
Are vehicles purchased and serviced by the county, but provided to the State Attorney's Office pursuant to s. 27.34(2), F.S., subject to the rules in Ch. 13B, F.A.C., or may the county and state attorney agree to rules governing their use?
SUMMARY:
County-owned vehicles purchased and serviced by the county for use by the state attorney, are subject to ss. 287.15 and 287.17, F.S. but not subject to Rule 13B-3.004, F.A.C.
Section 27.34(2), F.S.,[1] in pertinent part, provides:
 The state attorneys shall be provided by the counties within their judicial circuits with such office space, utilities, telephone service, custodial services, library services, transportation services, and communication services as may be necessary for the proper and efficient functioning of these offices, except as other-wise provided in the General Appropriations Act. (e.s.)
Thus, counties must provide transportation services to the state attorneys. The transportation services which may be provided by the county to the state attorneys have been interpreted to mean only those transportation services "provided for common use by county governmental units," as opposed to specific services acquired for the office of the state attorneys.[2] An example of a common county service in which state attorneys are allowed to participate is a parking lot for official vehicles.[3]
For purposes of this opinion, this office assumes the validity of the arrangement for the provision of motor vehicles to the state attorney by the county.
Your question involves a determination of whether the possession of a county-owned vehicle by the state attorney subjects such vehicle to the policies in Ch. 13B, F.A.C.[4] This office has been informed that the vehicles are titled to the county, but assigned for possession and use by the state attorney.
Section 287.15, F.S.,[5] states:
No state agency shall purchase, lease, or acquire any motor vehicle . . . unless prior approval is first obtained from the Division of Motor Pool of the Department of Management Services.
Furthermore, s. 287.20, F.S., makes the provisions of Part II, Ch.287, F.S., applicable "to motor vehicles, watercraft, and aircraft owned, leased, or acquired in any manner by any state agency . . . ." (e.s.)
The term "acquire" is not defined in the statute. Its plain and ordinary meaning, however, is "to come into possession, control, or power of disposal of often by some uncertain or unspecified means,"[6] or "[t]o gain by any means, usually by one's own exertions; . . . [but] does not necessarily mean that title has passed."[7] While your office does not purchase or lease the vehicles provided by the county, you have possession and use of such vehicles. You, therefore, "acquire" such vehicles. Accordingly, prior approval by the Division of Motor Pool must be given before your agency may acquire the vehicles from the county.
Limitations on the use of motor vehicles by state agencies are set forth in s. 287.17(1), F.S. Section 287.17(1), F.S., states that "aircraft and motor vehicles owned, leased, or operated by any state agency shall be available for official state business only as authorized by agency heads." (e.s.) The term "official state business," however,
may not be construed to permit the use of a motor vehicle or aircraft for personal business or commuting purposes, unless special assignment of a motor vehicle is authorized as a perquisite by the Department of administration, required by an employee after normal duty hours to perform duties of the position to which assigned, or authorized for an employee whose home is the official base of operation.[8]
Section 287.17(2), F.S., provides criteria which must be considered in determining appropriate uses of motor vehicles. These include whether use of the vehicle is necessary to carry out state official or employee job assignments, whether it is used to transport persons for official state business or for purposes of performing services for the state, whether the Department of Law Enforcement has been directed by an agency head to provide security or transportation pursuant to s. 281.20, F.S.,[9]
or whether an emergency exists requiring the use of a motor vehicle for the protection of life or property.
Thus, the Legislature has provided in Part II, Ch. 287, F.S., guidelines and restrictions applicable to motor vehicles and aircraft which are owned, leased or otherwise acquired by a state agency. Motor vehicles which the state attorney acquires from the county, regardless of how such vehicles are titled, would be subject to Part II, Ch. 287, F.S.
The Division of Motor Pool is authorized to "adopt and enforce rules and regulations for the efficient and safe use, operation, maintenance, repair, and replacement of all state-owned orstate-leased aircraft and motor vehicles . . . ."[10]
(e.s.) Thus, a rule or regulation adopted by the Division of Motor Pool may only apply to aircraft or motor vehicles owned or leased by the state. This would not allow the Division of Motor Pool to promulgate rules applicable to motor vehicles which may be in the possession of the state attorney by a manner other than ownership or lease.[11] Nor would these rules apply to county-owned or leased vehicles.
While the rules promulgated by the Division of Motor Pool would not apply to a county-owned or leased motor vehicle in the possession of the state attorney, the provisions in Part II,
Ch. 287, F.S., would govern the assignment and use of such a vehicle. Accordingly, the state attorney and the county may not agree on rules and regulations that are inconsistent with Ch. 287, F.S., governing the use of county-owned motor vehicles used by the state attorney.
[1] As amended by s. 139, Ch. 92-279, Laws of Florida.
[2] See, AGO's 73-458 and 74-74.
[3] See, AGO 74-74.
[4] Rule 13B-3.004, F.A.C., limits the use of motor vehicles to official state purposes, as authorized by the agency head, and in accordance with the rules of Ch. 13B, F.A.C. The rule governing assignment of vehicles for after-hours operation,13B-3.008, specifies that such vehicles may be driven to and from the employee's home when: an employee is entitled to use the vehicle by virtue of his position and is so approved and authorized as a perquisite by the Department of Administration [abolished and transferred to the Department of Management Services pursuant to s. 1, Ch. 92-279, Laws of Florida]; an employee is subject to special emergency calls from his residence for law enforcement; an employee is subject to emergency calls from his residence for the protection of life or property; or an employee's home is his official base of operation and the vehicle is parked at home when not in use.
[5] As amended by s. 260, Ch. 92-279, Laws of Florida.
[6] Webster's Third New International Dictionary 18 (unabridged ed. 1981).
[7] Black's Law Dictionary 23 (Fifth ed.).
[8] Section 287.17(3), F.S.
[9] Section 281.20, F.S., authorizes the Department of Law Enforcement to provide security or transportation to specified officials.
[10] Section 287.16(6), F.S.
[11] See, Department of Transportation v. James,403 So.2d 1066, 1068 (4 D.C.A. Fla., 1981) (regulatory body cannot enlarge its authority through promulgation of rules beyond the authority delegated by statute).