MELVIN, Judge.
The Department of Environmental Regulation brings its Petition for Review of the order of the Career Service Commission directing reinstatement of a former employee, Alex L. Gilmour.
Gilmour began his employment with the State of Florida, Department of Pollution Control, on September 9, 1974, such department being the predecessor to the State of Florida, Department of Environmental Regulation. He was employed as an Engineer III in the Jacksonville office. Between the time of his employment and until he was dismissed June 23,1976, he had been absent without authorized leave and had been tardy on numerous occasions. Letters of admonition and warning had been addressed to him, warning him of the consequences of a continuation of such absences and tardiness, all of which the employee disregarded. Thereafter, on the date indicated, the Department dismissed the employee because of his unauthorized absence of eight hours on June 17, 1976. In due season, Gilmour filed his notice of appeal with the State Personnel Director, and the Department filed motions to abate and to dismiss for alleged lack of jurisdiction. We do not consider that any of the technical questions presented by the Department merit consideration here, and we will move to the subject of this litigation that is dis-positive of the controversy. The Commission, by its order of April 15, 1977, found, among other things, that Gilmour had been dismissed for “drinking problems” and was therefore entitled to the privileges afforded by Section 22A-7.10(g)(3) (renumbered Section 22A-7.10(7)(c)), Florida Administrative Code, relating to employees who are dismissed for habitual drunkenness; that the Department had not complied with said section, and that the dismissal charges of unauthorized absenteeism and tardiness were unsubstantiated by the facts. The Commission ordered reinstatement of Gilmour with full back pay and credit for all benefits, including sick leave and annual leave. The Commission retained jurisdiction to award reasonable attorney fees to Gilmour.
We are urged that the Governor and Cabinet have adopted, as a policy of this State, a policy that throws a mantle of protection around the shoulders of those who imbibe excessively and would require that they be maintained on the public payrolls even though they do not take any affirmative action to seek aid for their alleged drinking problems. We do not so construe the declaration of the Governor and Cabinet relating to this subject. One who has a drinking problem has a duty to call it to the attention of the employing agency. He also has the duty to be available to follow professional advice and to take such treatment as may be prescribed. He cannot take the attitude of desiring to drink rather than work and then let the burden fall on the Department to seek him out to learn that he has a drinking problem. This employee, when employed, advised that he had a previous drinking problem but that the matter was completely under control. The Department had the right to rely on that statement. With reference to the times when he was absent from work, he related only one absence to his having consumed too much alcohol. Based upon this record, we find that there was competent and substantial evidence supporting the dismissal action taken by the employing agency and that the State of Florida, Career Service Commission, exceeded its authority in entering the order on review. State, Dept. of Adm., Office of Adm. Serv. v. Hunter, 323 So.2d 24 (Fla. 1st DCA 1976). To paraphrase the common sense doctrine proclaimed in the Colony of Plymouth, “No work, no job, no pay”.
The Petition for Review is granted and the Order of the Career Service Commission is quashed.
McCORD, C. J., and BOYER, J., concur.