**Vanderbilt F. HUFF, Plaintiff,**

v.

**George M. ISRAEL, et al., Defendants.**

**Civ. A. No. 82–369–3–MAC.**

United States District Court,
M.D. Georgia,
Macon Division.

Oct. 28, 1983.

Lonzy F. Edwards, Macon, Ga., for plaintiff.

W. Warren Plowden, Jr., Joan W. Wooley, Macon, Ga., for defendants.

OWENS, Chief Judge:

Plaintiff Vanderbilt F. Huff filed suit alleging that he was terminated from his employment as Compliance Officer of the City of Macon on account of his alcoholism, in violation of the State and Local Fiscal Assistance Act, 31 U.S.C. § 1242 (now codified as 31 U.S.C. § 6716), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. The parties having agreed that the court may decide the case non-jury on the basis of stipulated facts, this constitutes the opinion of the court.

I. *Stipulated or Agreed Upon Facts*

(1) Plaintiff was employed by the City of Macon as Compliance Officer in 1968.

(2) Certain programs of the City of Macon are funded in part through federal revenue sharing funds.

(3) As Compliance Officer, plaintiff was a member of the Mayor's staff, and was charged with the responsibility of carrying out the enforcement of federal, state, and local laws, under the direction and supervision of the Mayor and City Council of the City of Macon.

(4) The conduct of plaintiff which resulted in his discharge was off duty and on his own time.

(5) Plaintiff's personnel file reflects no documentation of failure to do his job.

(6) On May 20, 1977, plaintiff entered a plea of "nolo contendere" in the City of Macon Municipal Court to a charge of DUI and was fined $250.00.

(7) On March 18, 1980, plaintiff was found guilty of the charge of DUI in the City of Macon Municipal Court and was fined $200.00 and ordered to attend a DUI course.

(8) Mayor Israel, by letter of March 19, 1980, informed plaintiff that his position as Compliance Officer demanded that his conduct be above reproach so as to maintain the respect of the community. The Mayor made it clear to plaintiff that a DUI conviction was not in keeping with the high standard of conduct expected of a member of the Mayor's staff who held a position of great responsibility.

(9) Sensing that plaintiff might have a drinking problem, Mayor Israel encouraged plaintiff to seek professional help in order to deal with the problem.

(10) The Mayor warned plaintiff that a further recurrence of this type of behavior (*i.e.,* another conviction for DUI) could result in a loss of his credibility and effectiveness and therefore lead to his being replaced.

(11) On January 22, 1982, plaintiff appeared in the State Court of Bibb County and entered a plea of guilty to the charge of "driving a vehicle under the influence of intoxicating liquors and drugs." Plaintiff was sentenced to a term of twelve months probation, ordered to pay a fine of $750.00, and ordered to enroll in an alcohol abuse program.

(12) By letter of January 28, 1982, Mayor Israel notified plaintiff that as a result of his conviction for DUI in the State Court of Bibb County, he was being placed on "Unpaid Suspension Pending Discharge Review" effective January 29, 1982. The Mayor offered plaintiff the opportunity to

meet with him on February 1, 1982, to present any evidence that plaintiff might have to justify his being retained in the position of Compliance Officer.

(13) By letter of February 3, 1982, plaintiff was informed by Mayor Israel that it was necessary to terminate his employment as Compliance Officer effective the first day of his suspension.

(14) Plaintiff appealed the Mayor's decision to the City Council which upheld the decision at a meeting held February 16, 1982.

(15) On final appeal of his discharge, Mayor Israel notified plaintiff by letter dated April 26, 1982, that his decision was to uphold plaintiff's termination.

(16) Plaintiff was at all times afforded his rights to procedural due process.

(17) On October 12, 1982, plaintiff initiated the instant suit alleging that he was terminated on account of his alcoholism in violation of federal law.

## II. *Conclusions of Law*

31 U.S.C. § 1242(a) (now codified as 31 U.S.C. § 6716(a)) provides that:

No person in the United States shall be excluded from participating in, be denied the benefits of, or be subject to discrimination under, a program or activity of a State government or unit of general local government because of race, color, national origin, or sex when the government receives a payment under this chapter.

29 U.S.C. § 794 provides that:

No otherwise qualified handicapped individual in the United States, as defined in section 706(7) of this title, shall, *solely by reason of his handicap*, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. The head of each such agency shall promulgate such regulations as may be necessary to carry out the amendments to this section made by the Rehabilitation, Comprehensive Services, and Development Disabilities Act of 1978. Copies of any proposed regulation shall be submitted to appropriate authorizing committees of the Congress, and such regulation may take effect no earlier than the thirtieth day after the date on which such regulation is so submitted to such committees. (emphasis added).

29 U.S.C. § 706(7) provides that:

(A) Except as otherwise provided in subparagraph (B), the term 'handicapped individual' means any individual who (i) has a physical or mental disability which for such individual constitutes or results in a substantial handicap to employment and (ii) can reasonably be expected to benefit in terms of employability from vocational rehabilitation services provided pursuant to subchapter I and III of this chapter.

(B) Subject to the second sentence of this subparagraph, the term 'handicapped individual' means, for purposes of subchapters IV and V of this chapter, any person who (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities, (ii) has a record of such an impairment, or (iii) is regarded as having such an impairment. *For purposes of sections 793 and 794 of this title as such sections relate to employment, such term does not include any individual who is an alcoholic or drug abuser whose current use of alcohol or drugs prevents such individual from performing the duties of the job in question or whose employment, by reason of such current alcohol or drug abuse, would constitute a direct threat to property or the safety of others.* (emphasis added).

The issue before this court is whether plaintiff was discharged from his position as Compliance Officer by reason of his handicap.

Plaintiff, tracking the language of 29 U.S.C. § 706(7)(B), urges that at no time

during his employment by the City of Macon has his alcoholism prevented him from performing the duties of his job or constituted a direct threat to property or the safety of others. Consequently, plaintiff's argument appears to be that since his alcoholism did not interfere with the performance of his duties or constitute a threat to property or the safety of others, the only reason that exists for his being discharged is that he is an alcoholic. This court cannot agree.

29 U.S.C. § 794 requires only that an "otherwise qualified handicapped individual" not be excluded from participation in a federally funded program "solely by reason of his handicap." In the instant case it is manifest that plaintiff was not discharged due to his alcoholism. On the contrary plaintiff was discharged because he had received three DUI convictions, the third coming after he had been encouraged by the Mayor to seek professional treatment for his problem and warned that a third DUI conviction would result in his being discharged. To the extent that plaintiff contends that his being discharged due to his DUI convictions is the same thing as being discharged due to his alcoholism, his contention is patently without merit.

This court, after having given careful consideration to plaintiff's various contentions, finds that the decision to discharge plaintiff as Compliance Officer was not motivated by any constitutionally or statutorily impermissible reason. The Mayor and City Council concluded that plaintiff would be unable to function effectively in his position as Compliance Officer (a position in which he was a member of the Mayor's staff and was charged with the responsibility of carrying out the enforcement of federal, state, and local laws) when he, himself, could not comply with the law, as evidenced by his three convictions for DUI.

In discharging plaintiff, defendants acted in accordance with the applicable rules and regulations of the City of Macon and at all times afforded plaintiff his procedural due process rights.

Having been unable to discern any constitutionally or statutorily impermissible motive for plaintiff's discharge, this court finds that his assertion that he was discharged on account of his alcoholism in violation of 31 U.S.C. § 1242 (now codified as 31 U.S.C. § 6716) and 29 U.S.C. § 794 is WITHOUT MERIT. Let the clerk of this court enter judgment in favor of defendants forthwith.

SO ORDERED, this 28th day of October, 1983.