**Perry D. STUMP, Jr., Petitioner,**

v.

**DEPARTMENT OF TRANSPORTA-
TION, FEDERAL AVIATION
ADMINISTRATION, Respondent.**

**Appeal No. 84–1453.**

United States Court of Appeals,
Federal Circuit.

Decided May 10, 1985.

Daniel D. Richardson, Jacksonville, Fla., for petitioner.

Sandra P. Spooner, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for respondent. With her on the brief were Richard K. Willard, Acting Asst. Atty. Gen. and David M. Cohen, Director, Washington, D.C.

---

Before RICH, DAVIS and NIES, Circuit Judges.

NIES, Circuit Judge.

This appeal is from the final decision of the Merit Systems Protection Board (MSPB) in Decision No. AT07528410288, sustaining the removal of petitioner by the Department of Transportation, FAA (agency) for off-duty use and possession of cocaine and drug paraphernalia. We affirm.*

## Background

Petitioner, an air traffic controller for the FAA, was apprehended by the police for possession and use of cocaine while attending a rock concert in Jacksonville, Florida. Although no criminal charges were filed, the incident was reported by the police to the FAA, and, following an internal investigation, during which petitioner denied the charges, petitioner was removed for "[u]se of cocaine and possession of cocaine and drug paraphernalia."

Petitioner appealed his removal to the MSPB, arguing that the charges had not been proved, that his removal did not promote the efficiency of the service, that the penalty was inappropriate for off-duty drug use, and that the agency committed prejudicial procedural error in effecting his removal. Following a hearing, the presiding official, on April 26, 1984, rendered a decision sustaining the removal action in all respects. This appeal followed.

## Analysis

On appeal, petitioner essentially reiterates his arguments made to the MSPB. The finding of the presiding official that the charge of use and possession was proved is fully supported by the evidence of record. Only one of petitioner's challenges to removal merits extended discussion. That argument concerns the penalty of removal itself. Petitioner insists that such penalty is excessive for a one time, off-duty use of cocaine and that the agency's policy of terminating air traffic con-

trollers "for any connection" with drugs is arbitrary and capricious.

■ Our review of an agency's choice of penalty is extremely limited. As recently stated in *Schapansky v. Department of Transportation, FAA,* 735 F.2d 477, 484 (Fed.Cir.1984):

Determination of the appropriate penalty is a matter committed primarily and largely to the discretion of the employing agency. *Jones v. United States,* 617 F.2d 233, 236, 223 Ct.Cl. 138 (1980). Only in the exceptional case, in which the penalty exceeds that permitted by statute or regulations or is so harsh that it amounts to an abuse of discretion, may its imposition be overturned. *Weston v. U.S. Department of Housing and Urban Development,* 724 F.2d 943, 949 (Fed.Cir.1983). Whether the court would have chosen a different penalty, had it been making the initial choice, is in the normal case irrelevant.

In this case, the agency's table of penalties, applicable to employees in any type of position in the agency, provides a range of "one-day suspension to removal" for the first offense of:

Use, possession, purchase, or being under the influence of [prohibited] substances where safety of persons or property IS NOT endangered thereby. Penalty is dependent upon the degree of adverse reflection on the public service.

FAA Order 3750.5, "Subj: Conduct and Discipline—Misuse of Alcohol, Drugs, and Other Substances", Table 1, Item 14b (Oct. 14, 1971).

Moreover, Order 3750.5, Item 35, provides:

Employees off duty may not possess, use, consume, offer for sale, sell or be under the influence of drugs or other substances *the possession or use of which reflects adversely on the public service.* [Emphasis added.]

Clearly, the public's awareness of the use of drugs by an air traffic controller,

---

* This decision was originally issued in the form of an unpublished opinion on January 22, 1985, but is being reissued as a published opinion.

even off-duty use, would detract from its confidence in the agency. While this incident may have received no publicity at the time, disciplinary proceedings are not secret. Moreover, Order 3750.5 provides in Item 4 that, in assessing penalties, responsible officials must consider, *inter alia,* "the involved employee's position in relation to the safety and efficiency of air transportation and job responsibility" as well as "the cooperation of the employee in reporting the use of any substance that he feels may come within the scope of these agency regulations."

In view of the above considerations, particularly the nature of petitioner's position, and given our strict standard of review, we conclude that the agency's choice of removal, the maximum allowable penalty, was not arbitrary, capricious, or an abuse of discretion. 5 U.S.C. § 7703(c)(1) (1982).

### Conclusion

Each of petitioner's other arguments was fully addressed by the presiding official in his opinion of April 26, 1984, and we agree with the reasons set forth in that opinion. Accordingly, the decision of the MSPB is *affirmed.*

AFFIRMED