**Byrd F. RICHARDSON, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, et al., Defendants.**

**Civ. A. No. 84–3648.**

United States District Court, District of Columbia.

July 29, 1985.

---

Philip A. Gagner, Washington, D.C., for plaintiff.

Edith S. Marshall, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM

GESELL, District Judge.

Plaintiff Richardson brings this action to challenge his discharge from the United States Postal Service on March 30, 1978, and the Court now has for decision defendants' Motion to Dismiss or, in the alternative, for Summary Judgment, which has been fully briefed and argued.[1]

### Background

Richardson, a long-time employee of the Postal Service, was terminated under its Code of Ethical Conduct which specified that "Conviction of a violation of any criminal statute may be grounds for disciplinary action."[2] He was suspended when charged with Assault with Intent to Kill after he attempted to kill his wife and himself. After several months of incarceration when he was diagnosed as having a deep depression with paranoid tendency and alcoholism he pled guilty to an assault and weapon charge and was thereafter terminated. His union grieved for reconsideration with back pay. The grievance was denied at the first and second steps of the grivance procedure and never taken to arbitration by the union, which was an available recourse under the labor contract. In denying the grievance the management noted the underlying off-duty criminal conduct was adequate cause for termination under the regulations and also concluded,

---

1. At argument the Court requested and there has since been filed records of the grievance brought by Richardson's union on his behalf and the transcript of his testimony at deposition in this case. These papers are considered herein.

2. Code of Ethical Conduct for Postal Employees, §§ 442.253, 442.12.

on July 27, 1978, that Richardson's "return to an active duty status would not be in the best interests of the Postal Service, of the public, good morale or efficient service."

On September 27, 1978 Richardson, who is black, pursued the matter by filing a claim of discrimination due to race, sex and handicap (alcoholic) with the Equal Employment Opportunity Commission. The underlying theory of the handicap claim was that Richardson's supervisors knew of his condition and had failed to accommodate his handicap as required by the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, 794, and his alcoholism, in turn, caused or contributed to the criminal act which caused his discharge. Richardson pursued his EEOC claim unsuccessfully through various stages until final denial by the Office of Review and Appeals, which rejected his claims in October, 1984, and again in November, 1984. The present complaint, which was filed December 3, 1984 and was amended when counsel was available, charges discrimination on the basis of handicap (alcoholism) and violation of the collective bargaining agreement.

## Discussion

■ The only claim that has survived and requires consideration here is the claim of discrimination based on the Postal Service's alleged failure to accommodate Richardson's alcoholic handicap. Richardson dropped his Fair Labor Standards Act claim at oral argument. He did not raise the claim of lack of notice in the union grievance proceeding or in his EEOC complaint so these claims are barred by the statute of limitations. 28 U.S.C. § 2401(a). Moreover, notice appears to have been adequate and the grievance-arbitration procedure satisfied due process even when the union (not a party here) failed to proceed to arbitration. *Winston v. United States Postal Service*, 585 F.2d 198, 209–10 (7th

Cir.1978); *Stritzl v. United States Postal Service*, 602 F.2d 249, 252 (10th Cir.1979). Any challenge to the termination based on "off duty" criminal felony conduct, standing alone, cannot be entertained, particularly since Richardson was not a preference eligible employee covered by 5 U.S.C. § 7513(a), and the Postal Service has a well-established policy of discharging even preference eligible employees who are guilty of criminal conduct. *See Yacovone v. Bolger*, 645 F.2d 1028, 1032–33 (D.C.Cir. 1981); *Gueory v. Hampton*, 510 F.2d 1222, 1226 (D.C.Cir.1975).

Turning to the Rehabilitation Act claim, it is clear that Richardson depends on a tenuous chain of causation. He had been an alcoholic for years and he claims his supervisors knew this and warned him, but took no decisive action to force him into treatment; there was much drinking by employees sorting mail at the Main Post Office, where he worked as a sorter; he had marital difficulties; he had been drinking heavily when he committed the offense; if he had been "accommodated" for his alcohol problem this might not have happened and thus his difficulties arise from the Postal Service's allegedly inadequate attention to his alcohol handicap.

■ The nexus between the crime and the alcohol is, of course, highly conjectural. But even if events of 1978 and earlier were to be examined to untangle the reasons underlying Richardson's mental difficulties and alcohol use and Richardson's alcoholism was shown to be a substantial cause of his criminal conduct, it would not benefit Richardson here. Richardson was discharged for his criminal conduct, not because of alcoholism or poor job performance due to alcohol. He does not claim otherwise. The Rehabilitation Act only protects against removal "solely because of alcohol abuse." 29 U.S.C. § 794.[3] It does

---

**3.** The Postal Service argues that the Comprehensive Alcohol Abuse and Alcoholism Prevention, Treatment, and Rehabilitation Act of 1970, 42 U.S.C. § 290dd–1 which provides additional protection to alcoholic employees, *see Whitlock v. Donovan*, 598 F.Supp. 126, 130–31 (1984), may

not apply to the Postal Service and therefore the Service's duty to provide "reasonable accommodation" under the Rehabilitation Act may be less than that imposed on other federal employers. *Cf. Guerriero v. Schultz*, 557 F.Supp. 511, 513 (D.D.C.1983) (Rehabilitation Act may not apply

not prohibit an employer from discharging an employee for improper off-duty conduct when the reason for the discharge is the conduct itself, and not any handicap to which the conduct may be related. *See Huff v. Israel,* 573 F.Supp. 107 (M.D.Ga. 1983); *Guerriero v. Schultz,* 557 F.Supp. 511 (D.D.C.1979). The Act does not create a duty to accommodate an alcoholic who is not "otherwise qualified," *i.e.* commits an act which standing alone disqualifies him from service and is not entirely a manifestation of alcohol abuse. Nor does it provide any remedy for a employee who has been discharged for nondiscriminatory reasons and alleges that the employer failed to fulfill the duty to accomodate sometime in the past. The criminal acts that which Richardson committed are disqualifying acts under the rules and policy of the Postal Service and he was properly discharged.

Summary judgment shall be entered for defendants.

with full force to the Foreign Service). The Court does not reach this issue in light of its

conclusion in this case.