SMITH, Judge.
The University of Florida appeals the order of the Career Service Commission directing reinstatement of a former employee, Steven Mossburg. We reverse.
Prior to his dismissal, the employee had worked for ten years as a police officer for the University of Florida (University). The university allegedly discovered on four different occasions during the period from January 1983 through March 1985 that the employee was under the influence of alcohol during working hours. On each occasion, the agency advised the employee of the state’s policy on alcoholism, to which the employee responded that he did not have a drinking problem. Following the third incident, the employee was referred to the university doctor for evaluation and referral to an appropriate treatment facility. The employee again denied having a drinking problem. Following the fourth incident, the agency informed the employee of its intention to terminate him for reporting to work under the influence of alcohol. Following receipt of this letter, the employee requested sick leave to enter an alcohol abuse program. His request was denied, and he was terminated on April 17, 1985. The employee appealed his termination to the Career Service Commission.
After the university had presented its case, the employee requested that his dismissal be overturned on the ground that the agency had failed to comply with Rule 22A-7.10(7)(c), Florida Administrative Code, which states that dismissal of an employee for job-related alcohol abuse shall be in accordance with the State Policy on Alcoholism as adopted by the Administration Commission and the guidelines issued by the Secretary of Administration. The Commission granted the employee’s motion and reinstated him on the ground that the university had not complied with the provisions of rule 22A-7.10(7)(c), in that the university did not require the employee to seek professional assistance, did not place the employee on compulsory leave before dismissing him, and did not effectively confront the employee and provide him with assistance because of the university’s rudimentary understanding of the employees’ assistance program.
The “State Policy on Alcoholism,” adopted by the Governor and Cabinet by resolution dated July 17, 1973, states that a problem drinker will be “counseled and encouraged” to seek help and will not be disciplined unless the employee refuses to recognize his problem and seek help, or unless treatment proves unsuccessful. The policy also states that when public relations or work conditions are adversely affected by the problem drinker’s behavior, the employee shall be placed on compulsory leave before being discharged. In addition, the policy states that alcoholism among state employees shall be dealt with in a forthright manner by the employing agency and *406 that agencies should make every effort to have their supervisory and management staff take advantage of orientation and training programs on alcoholism as developed by the state. The guidelines (Memo No. 73-20) tracks the state policy, except for the statement that the problem drinker shall be “counseled and required ” (emphasis supplied) to seek professional help.
The Commission’s interpretation of the above policy and guidelines places the burden on the agency to correct the employee’s drinking problem, despite the employee’s lack of cooperation. This interpretation is based in part on conflicting language between the state policy and the guidelines. The university argues, and we agree, that this interpretation gives improper weight to the guidelines. Since the authority for the guidelines when they were implemented in 1973 was the state policy, all conflict is resolved in favor of the state policy. This reasoning is analogous to that applied to a conflict between a statute and a regulation. See Canal Ins. Co. v. Continental Cas. Co., 489 So.2d 136 (Fla. 2d DCA 1986).
The Commission’s interpretation of the state policy on alcoholism also conflicts with this court’s interpretation of the state policy. See State Department of Environmental Reg. v. Gilmour, 352 So.2d 1274 (Fla. 1st DCA 1977) (employee has duty to make his drinking problem known and to seek professional help accordingly). Based on the Gilmour rationale, it is clear that the drafters of the state policy never intended to require an agency to place an employee, who denies his drinking problem and refuses help, on compulsory disability leave before dismissing him.
In its order, the Commission stated that it did not make any specific findings of fact relating to the incident on March 23, 1985, upon which the dismissal was based. Since we have determined that the Commission misconstrued the state policy on alcoholism, the order reinstating the employee is reversed and the case remanded for a decision on the merits as to whether there was just cause to dismiss the employee.
REVERSED and REMANDED.
JOANOS and BARFIELD, JJ„ concur.