523 So.2d 696 (1988)
Paul A. LAVERY, Appellant,
v.
DEPARTMENT OF HIGHWAY SAFETY & MOTOR VEHICLES, Appellee.
No. 87-449.
District Court of Appeal of Florida, Third District.
April 5, 1988.
*697 Bruce Alexander, for appellant.
Enoch J. Whitney, General Counsel, and Judson M. Chapman, Asst. Gen. Counsel, Tallahassee, for appellee.
Before SCHWARTZ, C.J., and HUBBART and DANIEL S. PEARSON, JJ.
PER CURIAM.
Paul L. Lavery, a former Florida Highway Patrol trooper and permanent career service employee, appeals a final order of the Florida Public Employees Commission which upheld his dismissal as a trooper by the Florida Department of Highway Safety and Motor Vehicles (FDHSP).
We affirm the final order under review upon a holding that (a) there was substantial competent evidence adduced below to support the finding that Lavery had violated the Florida criminal drug abuse statutes by using cocaine over a sustained period of time, which illegal use resulted in poor work performance, § 893.13(1)(e), Fla. Stat. (1985); see Kuhn v. State, 439 So.2d 291, 293 (Fla. 3d DCA 1983); Wale v. State, 397 So.2d 738, 740 (Fla. 4th DCA 1981); (b) this finding was a sufficient basis for FDHSP to terminate Lavery's employment as a trooper, § 447.208(3)(a), Fla. Stat. (Supp. 1986); § 110.227(1), Fla. Stat. (1985); Fla. Admin. Code Rules 15-3.001, 22 A-7.010(7)(b); cf. Department of Highway Safety & Motor Vehicles v. German, 451 So.2d 1013, 1014-15 (Fla. 3d DCA 1984); (c) the fact that Lavery, commendably, was making a good faith effort to rehabilitate himself from admitted drug dependence involving cocaine and alcohol permitted, but did not compel, FDHSP to retain him as a trooper pending the results of these rehabilitative efforts, University of Fla. v. Mossburg, 503 So.2d 404 (Fla. 1st DCA 1987); Department of Envtl. Regulation v. Gilmour, 352 So.2d 1274 (Fla. 1st DCA 1977); Fla. Admin. Code Rule 15.3001(6); (d) Lavery's dismissal did not violate the public policy of Florida or federal or state laws prohibiting discrimination against the handicapped, see School Bd. of Nassau County v. Arline, ___ U.S. ___, ___ n. 17, 107 S.Ct. 1123, 1131 n. 17, 94 L.Ed.2d 307, 321 n. 17 (1987); Richardson v. United States Postal Serv., 613 F. Supp. 1213, 1216 (D.D.C. 1985); Kraft v. Bechtel Power Corp., 483 So.2d 56 (Fla. 3d DCA 1986); School Bd. of Pinellas County v. Rateau, 449 So.2d 839, 842 (Fla. 1st DCA 1984); 29 U.S.C.A. § 706(8)(A) (Supp. 1987); § 760.10(8)(a), Fla. Stat. (1985); and (e) while we recognize the difficult social problem, demonstrated through expert testimony below, of distinguishing between troopers suffering from "pure" alcoholism  which allows for a *698 more lenient, treatment-oriented dismissal procedure under state policy  and "polydrug" addiction from which Lavery suffers, we think the making of such distinction by a law enforcement agency is within the acceptable range of discretion afforded the agency where, as here, the "other" drug which is abused by the "polydrug" addict is one the mere possession of which constitutes a serious criminal violation of the very laws the addicted officer has sworn to uphold, and find that the penalty of dismissal was entirely authorized in this case, Florida Real Estate Comm'n v. Webb, 367 So.2d 201, 203 (Fla. 1978); § 447.208(3)(d), Fla. Stat. (Supp. 1986); §§ 120.68(10), 447.504(2), Fla. Stat. (1985); see Stump v. Department of Transp., F.A.A., 761 F.2d 680, 681 (Fed. Cir.1985); Gershanik v. Department of Professional Regulation, 458 So.2d 302, 304 (Fla. 3d DCA 1984), rev. denied, 462 So.2d 1106 (Fla. 1985). The remaining points raised by Lavery have no merit.
Affirmed.