928 F.2d 411
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Len SCHULMEISTER, Petitioner,
v.
DEPARTMENT OF THE NAVY, Respondent.
 No. 90-3495.
 United States Court of Appeals, Federal Circuit.
 Feb. 8, 1991.
 
 46 MSPR 13.
 AFFIRMED.
 Before RICH, ARCHER and MICHEL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Len Schulmeister appeals the final decision of the Merit Systems Protection Board, sustaining the Navy's removal of him from his position as Marine Machinery Mechanic, based on his felony conviction for possession of cocaine and methamphetamine. Although the Administrative Judge reduced the penalty to a 90-day suspension, the full Board granted review and reinstated the removal. Because the Board's decision, finding nexus between off-duty drug use and the efficiency of the service, and finding the penalty of removal to be reasonable under the circumstances, was supported by substantial evidence, was not arbitrary, capricious, or an abuse of discretion, and has not been shown to be legally in error, we affirm.
 
 OPINION
 
 2
 It is undisputed that petitioner Schulmeister has been convicted of felony possession of, and has used, illegal drugs during the period of his Navy employment. It is also undisputed that petitioner's position, involving inspection and repair of tooling used in handling ordnance and in the refueling of nuclear-powered warships, is one in which safety is of paramount importance.
 
 
 3
 This case is analogous to Stump v. Department of Transp., F.A.A., 761 F.2d 680 (Fed.Cir.1985), in which we upheld removal of an air traffic controller who had been arrested (though never criminally charged) for off-duty possession of cocaine. Noting the sensitivity of the position of air traffic controller with respect to safety and the high level of trust which the agency (and the public) place in such an employee, we held that removal, even for a single instance of off-duty use, was not excessive. Schulmeister's position, like that of air traffic controller, is one in which a mistake could potentially result in serious risk of death or injury, namely, a nuclear accident. In its decision reinstating removal, the Board gave great weight to the sensitivity of petitioner's job.
 
 
 4
 Mr. Schulmeister points to several mitigating factors in his case: the fact that Navy guidelines do not require removal for a first offense of off-duty possession; the Administrative Judge's finding that the petitioner's testimony, to the effect that he intended to avoid future involvement with drugs, was credible; his eight years of service and good work record; and the evidence that 12 of his former supervisors have indicated that they consider him to be a capable worker and an asset to the shipyard, and that they would like to work with him again.
 
 
 5
 Though the agency might have viewed these factors as sufficient reason to forego the penalty of removal, our review, like the Board's, is tightly circumscribed: The question is not whether we would have chosen a different penalty, but whether the agency's choice was "so harsh that it amounts to an abuse of discretion." Stump, 761 F.2d at 681 (citations omitted). Here we cannot say that the Board's failure to give more weight to the various mitigating factors, and instead to give controlling weight to the sensitive nature of the petitioner's job, was arbitrary, capricious, or an abuse of discretion.