54 F.3d 787
 6 NDLR P 300
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Deanne MAGRUDER, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Postmaster General, United States Postal
Service, Defendant-Appellee.
 No. 94-3069.
 United States Court of Appeals, Tenth Circuit.
 May 22, 1995.
 
 1
 Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 KELLY
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff-appellant Deanne Magruder appeals from the district court's grant of summary judgment in favor of her former employer on her claims of gender and handicap discrimination. Because Ms. Magruder has not raised a genuine factual dispute as to the motivation for her termination, we affirm.
 
 
 4
 The parties are familiar with the facts, thus we do not repeat them here. The district court examined Ms. Magruder's gender discrimination claim for disparate treatment at two stages: when her termination was proposed, and when her grievance was settled differently from the males' grievances. Summary judgment was granted in favor of the USPS on both claims. The court held that Ms. Magruder did not make a prima facie case of discrimination regarding her termination because the males were not similarly situated, different supervisors took the actions, and there was no other evidence that Ms. Magruder's gender affected the decision. The court rejected Ms. Magruder's claim of disparate treatment in the grievance process on the ground that Carey v. United States Postal Service, 812 F.2d 621 (10th Cir.1987), prohibits a Title VII claim based on the settlement of other employees' grievances.
 
 
 5
 Summary judgment was also granted in favor of the USPS on Ms. Magruder's handicap discrimination claim. The court found no evidence that Ms. Magruder's supervisors knew of her alleged alcoholism when they proposed her termination, thus, there was no evidence she was terminated because of her handicap. The court held further that Ms. Magruder's conduct, in itself, disqualified her from her position, regardless of her alleged impairment. This appeal followed.
 
 
 6
 We review a grant of summary judgment de novo applying the same standards as those used by the district court. Pride v. Does, 997 F.2d 712, 716 (10th Cir.1993). Summary judgment is appropriate when "the pleadings [and] depositions ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We view the record in the light most favorable to the party opposing the motion. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991).
 
 
 7
 To present a prima facie case of gender discrimination, Ms. Magruder was required to produce evidence that (1) she is female; (2) she was discharged for violating a work rule; and (3) similarly situated male employees were treated differently. See EEOC v. Flasher Co., 986 F.2d 1312, 1316 (10th Cir.1992). "The infractions giving rise to the comparison need not involve exactly the same offenses; they need only be of comparable seriousness." Id. Upon such a showing, an inference of discrimination arises which may be rebutted by the employer's articulation of a legitimate, nondiscriminatory reason for the personnel decision. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981). If the employer presents such a reason, the inference of discrimination drops out, and the plaintiff must show that discrimination motivated the personnel decision, either by showing that the employer's reason is unworthy of belief, or by direct evidence of discrimination. Id. at 255-56.
 
 
 8
 This burden-shifting framework applies at the summary judgment stage as well. See, e.g., Cone v. Longmont United Hosp. Assoc., 14 F.3d 526, 529-30 (10th Cir.1994); MacDonald v. Eastern Wyo. Mental Health Ctr., 941 F.2d 1115, 1121-22 (10th Cir.1991). Once the employer demonstrates a legitimate, nondiscriminatory reason for its actions, the plaintiff must "create[ ] a genuine issue concerning the sincerity of the proffered reasons for her termination." Cone, 14 F.3d at 530; see also MacDonald, 941 F.2d at 1121-22.
 
 
 9
 To show that she was terminated and that her grievance was denied based on her gender, Ms. Magruder points to the treatment of five males employed by the USPS in Wichita. However, the record itself negates any claim that the USPS discriminated against Ms. Magruder by proposing termination for her misconduct. Termination was proposed for each of the comparison males as well. See Appellant's App. at 19, 20, 23-24, 27, 28. Because the USPS proposed the same discipline for all employees, male and female, for their misconduct, there is no evidence that males and females were treated differently.
 
 
 10
 As for the alleged disparity in the USPS's settlement of grievances, we do not believe that our opinion in Carey should be read to preclude all claims of discriminatory settlement of grievances. Carey simply held that settlement of a Title VII dispute is a legitimate, nondiscriminatory reason for an employment decision, absent evidence that the agreement was undertaken in bad faith to bestow unequal employment benefits on the recipient. 812 F.2d at 624-25. Once an employer presents such a legitimate, nondiscriminatory reason, the plaintiff's prima facie showing of discrimination is rebutted, and the plaintiff must show that the employer's reason is actually a pretext for impermissible discrimination. Id. at 625.
 
 
 11
 After careful review of the record, we hold that Ms. Magruder's evidence does not present a factual dispute as to whether the USPS' explanation is pretextual. The disparate treatment of the five males' grievances does not raise an inference of pretext because the men were not similarly situated. Ms. Magruder was terminated for falsifying time records, deliberately forging her supervisor's signature on three occasions, and lying to the postal inspectors. Although several of the comparison males also falsified or misrepresented time records, they did not commit the additional serious violations of forgery and lying to the postal inspectors. Thus, the males' conduct underlying the settlements was not comparably egregious.
 
 
 12
 Additionally, the employees were not similarly situated because the grievances were decided by different USPS representatives. This has been held to be a significant factor in determining whether the inference of discrimination arises from differential treatment. See, e.g., Flasher Co., 986 F.2d at 1320 (holding that mere disparate treatment does not compel inference of discriminatory intent and noting that difference may be explained by fact that discipline was imposed by different supervisors). As Ms. Magruder presented no other evidence to show that the USPS' refusal to settle her case was based on gender, summary judgment was correct on her gender discrimination claim.
 
 
 13
 Summary judgment was also appropriate on Ms. Magruder's handicap discrimination claim. Section 501 of the Rehabilitation Act of 1973, codified as 29 U.S.C. 791, protects federal employees from discrimination on the basis of handicap. Johnson v. United States Postal Serv., 861 F.2d 1475, 1477-78 (10th Cir.1988), cert. denied, 493 U.S. 811 (1989). To determine whether 501 has been violated, we look to the standards enacted in title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111-12117. 29 U.S.C. 791(g). Under these standards, an employee establishes discriminatory discharge by showing that he or she is a "qualified individual with a disability" who was discharged "because of the disability." 42 U.S.C. 12112(a). An individual is "qualified" if he or she can perform the essential functions of the job, with or without reasonable accommodation. Id. at 12111(8).
 
 
 14
 Ms. Magruder failed to present any evidence raising a factual issue as to these elements. First, the record is completely devoid of evidence that Ms. Magruder is an alcoholic. Even assuming that she suffers from this disability, Ms. Magruder has not shown that her alleged alcoholism caused the misconduct for which she was terminated. To raise a factual dispute regarding causation, Ms. Magruder was required to submit evidence that she was suffering from the effect of alcohol when she committed the misconduct, and that she was so impaired she lacked control over her actions and had a diminished capacity for exercising judgment. See Grimes v. United States Postal Serv., 872 F.Supp. 668, 676 (W.D. Mo.1994); Brinkley v. Veterans Admin., 37 M.S.P.R. 682, 685-86 (M.S.P.B.1988).
 
 
 15
 The record does not contain any admissible evidence to substantiate these contentions. Arguments contained in a brief filed in opposition to a summary judgment motion, without more, are insufficient to create a question of fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57 (1986); Fed.R.Civ.P. 56(e). Because Ms. Magruder has not shown a nexus between her conduct and her alleged alcoholism, she has not raised a factual dispute whether she was terminated "because of" her handicap.
 
 
 16
 Even if we assume that Ms. Magruder's alcoholism caused her misconduct, we agree with the district court that her actions were so egregious as to render her unqualified for her position. "The [Rehabilitation] Act does not create a duty to accommodate an alcoholic who is not 'otherwise qualified,' i.e. commits an act which standing alone disqualifies him from service and is not entirely a manifestation of alcohol." Richardson v. United States Postal Serv., 613 F.Supp. 1213, 1216 (D.D.C.1985). Ms. Magruder's acts of forging a supervisor's signature on three occasions and lying to postal inspectors implicate her ability to be trustworthy and honest, which are essential functions of her position.
 
 
 17
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470