NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3140

WILLIAM A. SKELTON,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  November 2, 2005

_____

Before NEWMAN, LOURIE, and RADER, Circuit Judges.

PER CURIAM.

Mr. William A. Skelton appeals the decision of the Merit Systems Protection Board[1] upholding his removal from employment with the United States Postal Service for felonious possession of cocaine and failure to report the suspension of his commercial driver's license to the Postal Service.  We agree that there is a nexus with his employment, and

---

[1]    Skelton v. United States Postal Service, No. CH0752030697-I-1 (MSPB Jan. 27, 2005).

that the Postal Service action was not unreasonable or arbitrary, but was within the discretionary application of the Douglas factors. The decision of the MSPB is affirmed.

BACKGROUND

Mr. Skelton had been employed with the United States Postal Service for approximately fourteen years as a Tractor-Trailer Operator in Indianapolis, Indiana. On June 10, 2001, while Mr. Skelton was not on duty, he was driving a vehicle when a police officer observed that the light for the license plate was not working, and stopped the vehicle. The officer observed signs of intoxication, and Mr. Skelton admitted to having had four beers. The officer picked up a folded dollar bill on the front seat, and out of the folded bill fell five plastic baggie corners filled with an off-white, powdery substance. Mr. Skelton admitted that the substance was cocaine. He was arrested, convicted of a Class D felony for possession of cocaine, and at a sentencing hearing on July 22, 2002 he was sentenced to one-year community corrections home detention. His commercial driver's license was suspended on July 22, 2002.

Mr. Skelton took sick leave from July 22 through August 7, 2002. His commercial license was not restored until January 17, 2003. The agency decision notice states that he continued driving Postal Service tractor-trailer vehicles while his commercial license was suspended. Although Mr. Skelton states that he notified a Postal Service official of the suspension, the official denied receiving such notice, and the MSPB administrative judge credited the official's testimony and found as fact that Mr. Skelton did not notify the agency of the suspended commercial license.

The agency issued a notice of proposed removal on April 25, 2003, and a final decision removing him on June 18, 2003. The administrative judge upheld the removal in

an initial decision on November 24, 2003, after considering the mitigating factors of Mr. Skelton's fourteen years of service, the absence of a past disciplinary record and the stipulation that he had been a satisfactory employee, and that Mr. Skelton did take a few weeks of leave when his license was initially suspended. The full Board denied his petition for review, and this appeal followed.

## DISCUSSION

The court reviews agency action, findings, and conclusions to determine whether they are:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law;
(2) obtained without procedures required by law, rule, or regulation having been followed; or
(3) unsupported by substantial evidence.

5 U.S.C. §7703(c); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

Mr. Skelton argues that there is no nexus between his conviction for possession of cocaine and his ability to perform his job of driving a tractor-trailer. He argues that the penalty is disparate from that of a postal worker who was not removed when charged with driving while intoxicated with alcohol, that the Board was incorrect in finding that Mr. Skelton admitted an intent to use the cocaine, and that the Board misapplied the Douglas factors.

Mr. Skelton also argues that the agency may not remove him for these transgressions because he was allowed to drive for over 100 days after he informed the agency of his conviction, thus demonstrating that the agency did not consider that these infractions disqualified him from employment; however, the Board found that Mr. Skelton

did not notify the agency that his license had been suspended. He also argues that there was no use of drugs while on the job or any inadequate job performance, that the removal action does not promote the efficiency of the service, 5 U.S.C. §7513(a), and that the agency has not shown a nexus between the reason for the removal and the efficiency of the service.

The Postal Service responds that there is a strong nexus between the behavior for which Mr. Skelton was convicted, and fitness to perform the job of driver of a tractor-trailer. The Board found that cocaine use could seriously affect public safety and Postal Service property, and held that the conviction of a Class D felony, the failure to report the suspension of his commercial driver's license, and the fact that he drove while on a suspended license, were legally related to the efficiency of the service.

Mr. Skelton argues that his treatment was disparately severe, as compared with that of another employee who was not removed despite driving while intoxicated. The Board deemed these cases not comparable. Mr. Skelton also contests the Board's finding that he admitted an intent to use the cocaine. The agency states that its action is adequately supported by the possession charge and license suspension. The court has upheld the removal of an employee for off-duty drug use or dealing. See Sanders v. United States Postal Service, 801 F.2d 1328, 1332 (Fed. Cir. 1986) (a postal worker was removed for the off-duty sale of cocaine); Stump v. Dep't of Transportation, 761 F.2d 680, 681 (Fed. Cir. 1985) (an air-traffic controller was removed for off-duty drug use). The agency action is supported by the evidence of possession.

Finally, Mr. Skelton argues that the Board misapplied the factors outlined in Douglas v. Veterans Affairs, 5 MSPR 280, 305-06 (1981), for deciding the appropriate penalty. The Douglas factors are:

(1)    The nature and seriousness of the offense, and its relation to the employee's duties, position, and responsibilities, including whether the offense was intentional or technical or inadvertent, or was committed maliciously or for gain, or was frequently repeated;
(2)    the employee's job level and type of employment, including supervisory or fiduciary role, contacts with the public, and prominence of the position;
(3)    the employee's past disciplinary record;
(4)    the employee's past work record, including length of service, performance on the job, ability to get along with fellow workers, and dependability;
(5)    the effect of the offense upon the employee's ability to perform at a satisfactory level and its effect upon supervisors' confidence in the employee's ability to perform assigned duties;
(6)    consistency of the penalty with those imposed upon other employees for the same or similar offenses;
(7)    consistency of the penalty with any applicable agency table of penalties;
(8)    the notoriety of the offense or its impact upon the reputation of the agency;
(9)    the clarity with which the employee was on notice of any rules that where violated in committing the offense, or had been warned about the conduct in question;
(10)    potential for the employee's rehabilitation;
(11)    mitigating circumstances surrounding the offense such as unusual job tensions, personality problems, mental impairment, harassment, or bad faith, malice or provocation on the part of others involved in the matter; and
(12)    the adequacy and effectiveness of alternative sanctions to deter such conduct in the future by the employee or others.

Mr. Skelton stresses the mitigating factors, including his length of service, his absence of a past disciplinary record, the fact that he has been a satisfactory employee, that he took leave during part of the period in which his license was suspended, and that he had previously undergone rehabilitation for cocaine use prior to the possession in question.

The Postal Service refers to the seriousness of the offenses, and Mr. Skelton's responsibilities as driver of a tractor-trailer.

In essence, Mr. Skelton argues that he should be given another chance. The Board did not accept this argument, and upheld the decision of the Postal Service. On careful review, we conclude that the decision was not arbitrary, and there was substantial evidence in its support. The decision of removal is affirmed.

No costs.