NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3273

DAVID PETERSON,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

Jonathan C. Goldman, Goldman & Ehrlich, of Chicago, Illinois, for petitioner.

Scott Slater, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director.

Appealed from:   Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3273

DAVID PETERSON,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

Petition for review of the Merit Systems Protection Board in CH-0752-06-0711-I-1.

_____

DECIDED: March 7, 2008

_____

Before GAJARSA, <u>Circuit Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and PROST, <u>Circuit Judge</u>.

PER CURIAM.

David Peterson seeks review of the final decision of the Merit Systems Protection Board sustaining his removal from his position of Firefighter with the Department of Public Safety at Naval Station Great Lakes, Illinois. For the reasons set forth below, the Board's final decision is <u>affirmed</u>.

The relevant facts in this case are not in dispute. On March 4, 2003, Peterson signed a memorandum acknowledging that his Firefighter position was a testing designated position for random drug testing in accord with the Navy's Drug-Free Workplace Program Handbook. The mememorandum also stated that the penalty for a

first-time drug offense ranged from reprimand to removal. On April 25, 2006, Peterson was informed that his urine had tested positive for THC, a metabolite of marijuana. In a June 12, 2006 meeting with Peterson's first line supervisor Lt. Joseph O'Hara, Peterson admitted that he had attended a party, gotten drunk, and smoked marijuana. Peterson claimed that this was a one-time occurrence caused by impaired judgment stemming from his inebriation by alcohol. The agency does not contest Peterson's position that this was a one time occurrence. Lt. O'Hara issued a Notice of Proposed Removal, which gave Peterson ten days to respond to the Deciding Official, Captain Richard Postera. Cpt. Postera met with Peterson and the union representative and subsequently issued a Notice of Decision on July 12, 2006, removing Peterson from his employment by the agency.

This court's review of an agency's choice of penalty is extremely limited. Stump v. Dep't of Transp., 761 F.2d 680, 681 (Fed. Cir. 1985). "'It is a well-established rule of civil service law that the penalty for employee misconduct is left to the sound discretion of the agency.'" Lachance v. Devall, 178 F.3d 1246, 1251–52 (Fed. Cir. 1999) (quoting Miguel v. Dep't of the Army, 727 F.2d 1081, 1083 (Fed.Cir.1984)). The agency is required to consider "all factors relevant to the case, such as the authorized range of penalties, the nature of the offense, its relation to the employee's duties, the effect of the offense on the agency's confidence in the employee, and possibly eight additional factors set forth in Douglas v. Veterans Administration, 5 MSPB 313 (1981)." Hayes v. Dep't of the Navy, 727 F.2d 1535, 1540 (Fed. Cir. 1984). While the agency must also balance the factors so that the penalty imposed is "reasonable in light of the sustained charges, our court has effectively defined reasonable in this context to mean merely that

the agency's choice of penalty not be 'grossly disproportionate to the offense.'" <u>Webster v. Dep't of the Army</u>, 911 F.2d 679, 686 (Fed. Cir. 1990) (quoting <u>Miguel</u>, 727 F.2d at 1083). "Whether this court would have chosen a different penalty is irrelevant." <u>Id.</u> (citing <u>Hunt v. Dep't of Health and Human Servs.</u>, 758 F.2d 608, 611 (Fed. Cir. 1985)).

On appeal, Peterson challenges the Board's decision on the grounds that it is unreasonable and, in the alternative, that it is not supported by substantial evidence. As part of rendering the Notice of Decision, Cpt. Posera carefully documented his explicit consideration of each of the twelve <u>Douglas</u> factors, including the potential for Peterson's rehabilitation and the availability of alternative penalties, and concluded that removal was nevertheless appropriate. The Notice of Decision states that a firefighter's essential duties include rendering emergency medical assistance and fighting fires and that these duties require good judgment and a high level of public trust. Although harsh, the penalty of removal is not grossly diproportionate to an offense of drug use by an emergency responder in the Naval Station's Department of Public Safety.

CONCLUSION

For the foregoing reasons, we affirm the decision of the Board

COSTS

No costs.